[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 16, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-13547
Non-Argument Calendar
_____

D. C. Docket No. 03-00043-CV-JTC-3

TINA M. LEPONE-DEMPSEY,
SHANNON M. ALEXANDER,

                                                    Plaintiffs-Appellees,

versus

CARROLL COUNTY COMMISSIONERS,
et al.,

                                                    Defendants,

PHILLIP WAGNER, Sheriff, acting
individually and as an agent
for Carroll County Sheriff's
Department,

                                                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(December 16, 2005)**

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Carroll County Sheriff's Deputy Phillip Wagner appeals from a district court order denying his motion for summary judgment on the basis of qualified immunity. We find no reversible error, and therefore affirm.[1]

Plaintiff Tina Lepone-Dempsey asserts, inter alia, 42 U.S.C. § 1983 claims against members of the City of Villa Rica Police Department and Carroll County Sheriff's Department (including Deputy Wagner), as well as several Carroll County Commissioners, for violations of Plaintiff's federal constitutional rights.[2] The alleged violations occurred when the law enforcement officers, some of whom claimed to have arrest warrants, sought to effect the arrest of Chris Dempsey (Plaintiff's husband) and Randall Willoughby in and around the double-wide mobile home occupied by Plaintiff.

Although the Villa Rica Defendants obtained a dismissal of all claims against them under Federal Rule of Civil Procedure 12(b)(5), the Carroll County

---

[1] Notwithstanding the interlocutory nature of an appeal from a denial of summary judgment sought on the basis of qualified immunity, we have jurisdiction over the appeal so long as it concerns issues that involve the core qualified immunity analysis, and not merely challenges to the sufficiency of the evidence on a predicate factual element of the alleged underlying constitutional torts. *See Behrens v. Pelletier*, 516 U.S. 299, 305-06, 116 S. Ct. 834, 838-39, 133 L. Ed. 2d 773 (1996); *Koch v. Rugg*, 221 F.3d 1283, 1294-97 (11th Cir. 2000).

[2] Although Plaintiff Dempsey's daughter, Shannon Alexander, is also a named plaintiff and appellant, Alexander's claims are not actually at issue in this appeal.

2

Defendants answered Plaintiff's Complaint and, after some discovery, moved for summary judgment on several grounds, including qualified immunity. With respect to Deputy Wagner, the district court determined that Plaintiff had alleged claims against him for unlawful arrest, excessive force, and an unlawful search, all in violation of the Fourth Amendment. The district court denied Wagner summary judgment on these issues, however, for the following reasons: (1) the evidence, viewed in the light most favorable to Plaintiff, indicated that Wagner and the other officers had no warrant, did not obtain consent to enter Plaintiff's home, and did not enter the home because of exigent circumstances; (2) although the evidence did not create a fact issue as to whether Wagner personally participated in Plaintiff's arrest, he could still be held liable on a failure to intervene theory; (3) there was no indication that the law enforcement officers had an arrest or search warrant at the time Wagner went through Plaintiff's bedroom furniture; and (4) the exception to the search warrant requirement for protective sweeps incident to lawful arrests did not apply to Wagner's pre-arrest conduct, and his search exceeded a protective sweep's scope.

On appeal, Wagner challenges the district court's decision only with respect to the claims of unlawful arrest and excessive force. He contends that: (1) the district court erred in determining that Plaintiff alleged a unlawful arrest claim

3

against him under the Fourth Amendment; (2) Plaintiff's excessive force claim is not properly subsumed into the unlawful arrest claim; and (3) even if the unlawful arrest and excessive force claims were properly raised, he is still entitled to qualified immunity. "We review *de novo* the district court's decision denying qualified immunity, drawing all factual inferences in the nonmovant's favor." *Bennett v. Hendrix*, 423 F.3d 1247, 1249 (11th Cir. 2005).[3]

Qualified immunity insulates government officials from personal liability under § 1983 for actions taken pursuant to their discretionary authority. *Cooper v. Dillon*, 403 F.3d 1208, 1220 (11th Cir. 2005). However, "[g]overnment officials acting within their discretionary authority are ineligible for qualified immunity from suit when the facts [t]aken in the light most favorable to the party asserting the injury . . . show the officer's conduct violated a constitutional right' and 'the right was clearly established." *Bennett*, 423 F.3d at 1250 (internal quotations omitted). It is uncontroverted that Wagner was at all relevant times acting pursuant to his discretionary authority. Under our precedent then, the burden lay with

---

[3] "Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Castleberry v. Goldome Credit Corp.*, 418 F.3d 1267, 1271 (11th Cir. 2005); *see* Fed. R. Civ. P. 56(c). "If the judgment entered is correct, we may affirm the district court 'on any legal grounds regardless of the grounds addressed, adopted or rejected by the district court.'" *Novak v. Irwin Yacht and Marine Corp.*, 986 F.2d 468, 470 (11th Cir. 1993) (quoting *Bonnani Ship Supply, Inc. v. United States*, 959 F.2d 1558, 1561 (11th Cir. 1992)); *see Regions v. Provident Bank, Inc.*, 345 F.3d 1267, 1274 (11th Cir. 2003) (explaining that we may affirm a grant of summary judgment on any ground fairly supported by the record).

Plaintiff to establish a constitutional violation. *See id.*

First of all, having reviewed the complaint and the decision of the district court, we find no reversible error in the court's determination that a claim of unlawful arrest in violation of the Fourth Amendment was sufficiently alleged on the face of the complaint.[4] Likewise, we find no error in the district court's conclusion that Plaintiff's excessive force claim is predicated solely on the officers' actions in arresting her–and that because there are genuine issues of fact on whether the arrest was lawful, the claim of excessive force may simply go to the issue of damages on Plaintiff's unlawful arrest claim rather than stand alone. *See Jackson v. Sauls*, 206 F.3d 1156, 1171 (11th Cir. 2000) ("[A] claim that any force during a false arrest is excessive is subsumed in the false arrest claim itself because damages for false arrest include damages for use of force to effect that false arrest.") (citing *Williamson v. Mills*, 65 F.3d 155, 158-59 (11th Cir. 1995) (per curiam)).

Wagner does not contest the district court's finding that Plaintiff failed to produce evidence sufficient to create a genuine issue of fact on whether Wagner

---

[4] This is not, for example, a case where the government official adequately responded to all claims reasonably apparent from the complaint, and the district court then "divine[d] another claim by which the plaintiff [might] defeat qualified immunity." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

personally participated in her arrest.[5] Wagner disagrees, however, that Plaintiff can advance a viable failure to intervene theory, because Wagner believes that this allegation was not properly plead in Plaintiff's complaint. Again, we have reviewed the complaint and the district court's order, and find no reversible error in the court's determination that Wagner received adequate notice from the outset of the case that Plaintiff might pursue a failure to intervene theory of liability. *See Priester v. City of Riviera Beach, Fla*, 208 F.3d 919, 924 (11th Cir. 2000) (explaining that officer can be liable for failing to intervene when another officer is using excessive force and the non-participating officer is in a position to intervene but fails to do so).

Even if Plaintiff adequately alleges a federal unlawful arrest claim and failure to intervene theory of liability, Wagner maintains, the district court still erred in denying qualified immunity. Plaintiff, Wagner argues, failed to cite any authority giving Wagner "fair warning" that Plaintiff had a constitutional right (if any) to demand to see a copy of the arrest warrant that was the purported basis for the officers' entry into the mobile home. *See Bennett*, 423 F.3d at 1255 ("A right is clearly established if, in light of already existing law, the unlawfulness of the

---

[5] Plaintiff disagrees with this finding in her brief, but did not attempt to cross-appeal the issue. We note that there is evidence Wagner was present during Plaintiff's arrest and provided his handcuffs to another officer for use in the arrest.

conduct is apparent.") (internal quotations omitted). However, it was clearly established that, absent consent or exigent circumstances, a law enforcement officer could not make a warrantless entry into a suspect's home in order to make a routine felony arrest. *See Payton v. New York*, 445 U.S. 573, 576, 100 S. Ct. 1371, 1374-75, 63 L. Ed. 2d 639 (1980).[6] Here, there are genuine issues of fact as to whether the law enforcement officers had a warrant of any kind at the time of Plaintiff's arrest.[7] Thus, Wagner's focus on whether he was constitutionally required to show the warrant is not dispositive.

Wagner also contends that a reasonable officer in his position would have believed that there was probable cause to arrest Plaintiff when she became belligerent, because "[u]nder Georgia law, it is unlawful to knowingly and willfully obstruct or hinder any law enforcement officer in the lawful discharge of his official duties." *Draper v. Reynolds*, 369 F.3d 1270, 1276 (11th Cir. 2004) (citing O.C.G.A. § 16-10-24(a)), *cert. denied*, __ U.S. __, 125 S. Ct. 507, 160 L. Ed. 2d 373 (2004). However, genuine issues of fact precluded a summary

---

[6] It was also clearly established that, absent consent or exigent circumstances, a law enforcement officer could not legally search for the subject of an arrest warrant in the home of a third party without first obtaining a search warrant. *See Steagald v. United States*, 451 U.S. 204, 205-06, 101 S. Ct. 1642, 1644, 68 L. Ed. 2d 38 (1981).

[7] Although Wagner claims that at one point he had arrest warrants in his hand, it appears that no warrant was shown to Dempsey when the officers entered her home (or even prior to her arrest), and that none was produced in the record.

7

determination that the law enforcement officers in the instant case were engaging in the *lawful* discharge of their official duties when they arrested Plaintiff inside her home.[8]

Finally, Wagner argues that there was no clearly established duty at the time of Plaintiff's arrest for a law enforcement officer to intervene in order to stop an unlawful arrest; only a duty to intervene to stop the use of excessive force. *See Priester*, 208 F.3d at 927. Our precedent suggests, as Wagner points out, that the duty to intervene does not necessarily extend to every conceivable situation involving a constitutional violation. *See, e.g.*, *Jones v. Cannon*, 174 F.3d 1271, 1286 (11th Cir. 1999) ("There is no controlling authority clearly establishing that once a police officer knows another officer has fabricated a confession in a police report for a warrantless arrest, that police officer has a constitutional duty to intervene to stop the other officer's conduct."). However, given our holding in *Jackson*–that a claim of excessive force predicated on the unlawfulness of an arrest is subsumed into an unlawful arrest claim–we do not believe the district court erred in concluding that a duty to intervene in an unlawful arrest was clearly established.

Having reviewed the briefs, the district court's order, and the record, we find

---

[8] There is authority for the proposition that Georgia law permits a person to resist an unlawful arrest. *See, e.g.*, *Gainor v. Douglas County, Ga.*, 59 F. Supp. 2d 1259, 1281 n.23 (N.D. Ga. 1998) (citing cases).

no reversible error.  Accordingly, we affirm the judgment of the district court.

**AFFIRMED.**