[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12359
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 28, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:10-cv-01687-SDM-TGW

CHARLES A. MARCUS, III,

Plaintiff-Appellant,

versus

POSTMASTER GENERAL, U.S. POSTAL
SERVICE SOUTHEAST AREA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 28, 2011)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Charles Marcus, III, a National Moorish American, appeals pro se the district

court's sua sponte dismissal of his pro se employment discrimination suit, brought

pursuant to Title VII, 42 U.S.C. § 2000e-2(a), and 42 U.S.C. § 1981, for failure to properly serve the defendant, his employer, the Postmaster General of the United States Postal Service ("Postal Service"), in accordance with Fed.R.Civ.P. 4(i). On appeal, Marcus argues that: (1) Rule 4(i) was inapplicable in this case because the Postal Service is no longer part of the United States government; and (2) since the district court did not indicate whether it was dismissing his complaint with or without prejudice, it is assumed that the case was dismissed with prejudice, which is in violation of the Fifth and Seventh Amendments. After thorough review, we affirm.

While we generally review a district court's interpretation of Fed.R.Civ.P. 4 de novo, we review the dismissal of a complaint without prejudice for failing to timely serve a defendant under Rule 4 for abuse of discretion. Lepone-Dempsey v. Carroll County Com'rs, 476 F.3d 1277, 1280 (11th Cir. 2007).

Rule 4(i) requires a plaintiff serving an employee or officer of the United States in an official capacity to deliver a copy of the summons and the complaint to both the United States Attorney for the district in which the action is brought and to the Attorney General of the United States, in addition to serving the employee or officer. Fed.R.Civ.P. 4(i)(1), (2). Also, pursuant to Rule 4, the "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed.R.Civ.P. 4(c)(1). Rule 4(m) provides that:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

We have held that even "when a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey, 476 F.3d at 1282. Under Rule 4(m), a district court may only dismiss an action for failure to serve process without prejudice. Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1342 n.5 (11th Cir. 2005).

"[U]nder Federal Rule of Civil Procedure 41(b), a judgment of dismissal usually has the effect of an adjudication on the merits even when the court's order fails to state whether it is with or without prejudice." Kaspar Wire Works, Inc. v. Leco Engineering & Mach., Inc., 575 F.2d 530, 534 (5th Cir. 1978).[1] Rule 41(b) provides that, for any dismissal other than one for failure to join a party under Rule 19, improper venue, or lack of jurisdiction, the dismissal will operate as an

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions issued by the Fifth Circuit before October 1, 1981.

3

adjudication on the merits. Fed.R.Civ.P. 41(b). This includes the sua sponte dismissal by a court for failure to comply with a court order, unless the court provides otherwise. See Costello v. United States, 365 U.S. 265, 286-87 (1961).

We have previously considered a dismissal in which the district court failed to specify whether the dismissal was with or without prejudice, and where, as here, the court lacked the authority to dismiss the action with prejudice. See Georgia Advocacy Office, Inc. v. Camp, 172 F.3d 1294, 1299 (11th Cir. 1999) (affirming the dismissal of a complaint for lack of subject matter jurisdiction but construing the dismissal to be without prejudice). We "clarif[ied] that the dismissal of [the] claim should be considered a dismissal without prejudice," since the "court could not have adjudicated the merits . . . or dismissed [the] claim with prejudice." Id; see also DiMaio v. Democratic Nat. Committee, 520 F.3d 1299, 1300, 1303 (11th Cir. 2008) (affirming the dismissal of a complaint for lack of subject matter jurisdiction and construing the dismissal, which was silent as to prejudice, as a dismissal without prejudice, but remanding for the court to reenter its judgment). Indeed, we have the authority to modify any order of a court brought before us on appeal. See 28 U.S.C. § 2106.

Here, the district court did not abuse its discretion in dismissing Marcus's action for failure to properly serve the defendant within the required time provided

by Rule 4(m).[2]  As the record shows, Marcus filed his complaint on July 29, 2010. His original proof of service of process only showed that "M Jacobs" received the complaint in Washington, D.C., which does not meet the requirements of Rule 4(i). See Fed.R.Civ.P. 4(i)(1), (2).  The district court's March 25, 2011, order informed Marcus that the service of process was not in compliance with Rule 4(i) and instructed him on the requirements for service in accordance with Rule 4(i). Although Marcus never offered any good cause for extending the time for service of process, the court gave him until April 23, 2011, nearly an entire month, to properly perfect service.  However, Marcus's second proof of service, filed on April 7, 2011, only showed receipt of the complaint by John Potter.  Thus, Marcus did not provide proof of service to the United States Attorney for the Middle District of Florida or to the Attorney General for the United States, even after the court gave him the time and opportunity to correct this error, and he failed to comply with the requirements of Rule 4(i).  See Fed.R.Civ.P. 4(i)(1), (2).

Since Marcus did not properly perfect service of the defendant within 120 days of the filing of his complaint, it was proper for the district court to dismiss the action

[2] As an initial matter, although Marcus argues that the Postal Service is not a governmental entity, this claim is without merit.  See 39 U.S.C. § 101 (stating that the Postal Service is "a basic and fundamental service provided to the people by the Government of the United States, authorized by the Constitution, created by Act of Congress, and supported by the people"); id. § 201 (stating that the Postal Service is "an independent establishment of the executive branch of the Government of the United States").

without prejudice.  See Fed.R.Civ.P. 4(m).  However, as noted by Marcus, the district court failed to specify whether the dismissal was with or without prejudice.  Usually, unless the district court's order states otherwise, a dismissal for failure to comply with the Federal Rules of Civil Procedure or a court order is interpreted as a dismissal with prejudice.  Fed.R.Civ.P. 41(b).  Yet, in this case, the dismissal was under Rule 4(m), which only allows for dismissal of the action without prejudice.  See Fed.R.Civ.P. 4(m); Betty K Agencies, 432 F.3d at 1342 n.5.  Therefore, the court lacked the authority to dismiss the complaint with prejudice, and we therefore construe the dismissal as being entered without prejudice.  See 28 U.S.C. § 2106; DiMaio, 520 F.3d at 1300; Camp, 172 F.3d at 1299.  With that understanding, we affirm.

**AFFIRMED.**