[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 2, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14042
Non-Argument Calendar

_____

D. C. Docket No. 03-00043-CV-JTC-3

TINA M. LEPONE-DEMPSEY,
SHANNON M. ALEXANDER,

Plaintiffs-Appellants,

versus

CARROLL COUNTY COMMISSIONERS, et al.,

Defendants,

CITY OF VILLA RICA,
DEAN MADDOX,
OFFICER BRIAN CAMP,
OFFICER ROBERT MULLINAX,
OFFICER JOHN DOE 1, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(February 2, 2007)**

Before BIRCH, MARCUS and WILSON, Circuit Judges.

WILSON, Circuit Judge:

On this appeal, we review a district court's dismissal without prejudice of the plaintiffs' complaint for failure to timely serve the defendants under Fed.R.Civ.P. 4(m), and the court's decision to deny a request for an extension of time to effect service.

BACKGROUND

On April 17, 2003, the appellants/plaintiffs Tina M. Lepone-Demsey and Shannon M. Alexander filed their complaint pursuant to 42 U.S.C. § 1983, alleging that the appellees/defendants City of Villa Rica, Dean Maddox, Brian Camp, Robert Mullinax, and John Does 3-4's and the Carroll County Sheriff's Department violated their constitutional rights. The plaintiffs alleged that the defendants unlawfully entered and searched their home without a warrant. The plaintiffs also alleged they were unlawfully arrested and subjected to excessive force.

2

On July 31, 2003, Leonard Danley ("Danley"), the plaintiffs' counsel, spoke with David Mecklin ("Mecklin"), City Attorney for the City of Villa Rica, to inform him of the lawsuit and ask whether Mecklin would receive copies of the lawsuit via mail. Danley contends that Mecklin said that he was authorized to accept service on behalf of the defendants and would waive formal service. On or about July 31, 2003, Danley mailed Mecklin service copies of the complaint, summons, and a request for waiver of formal service forms. Mecklin did not return the waiver of service forms, and the plaintiffs did not attempt to serve the City of Villa Rica or the individual defendants in any other manner. The defendants did not file an answer to the complaint.

On December 23, 2003, the defendants filed a motion to dismiss the complaint for insufficiency of service of process, arguing that dismissal was proper since the plaintiffs had failed to properly and timely serve the defendants under both the Federal Rules of Civil Procedure and the Georgia Rules of Civil Procedure. Under those Rules, the plaintiffs were required to serve the defendants on or before August 15, 2003. The plaintiffs responded that the defendants' motion should be denied because Mecklin had agreed to waive formal service. In the alternative, the plaintiffs requested that the district court grant them an extension of time to serve the defendants.

The district court granted the defendants' motion to dismiss, finding that the plaintiffs had failed to comply with Rule 4 of the Federal Rules of Civil Procedure. The district court found that the plaintiffs had not properly served either the City of Villa Rica or the individual the defendants within the time period allowed, and the plaintiffs failed to show good cause for their failure. Specifically, the district court found that the plaintiffs had not shown good cause for their failure to personally serve the appropriate City official. Therefore, the district court dismissed without prejudice the plaintiffs' claims against the City of Villa Rica. The district court also found that the plaintiffs had failed to show "good cause for: (1) failing to serve the individual Villa Rica defendants within 120 days of filing their complaint; (2) their three-month delay in mailing waiver forms to Mecklin; (3) their failure to attempt to effect personal service upon the individual Villa Rica defendants when Mecklin did not return the waiver forms; or (4) their failure to ask this Court, in the three months prior to the Villa Rica defendants' filing their motion to dismiss, for an extension of time to serve these defendants." Therefore, the district court dismissed without prejudice the plaintiffs' claims against the individual defendants.

The plaintiffs filed a motion for reconsideration, again requesting that the district court allow them an extension of time to serve the defendants to avoid

4

being barred from refiling due to the statute of limitations. The district court denied the plaintiffs' motion without addressing the effect that the statute of limitations would have on the plaintiffs' claims. The plaintiffs were effectively barred from refiling the action against the defendants because the statute of limitations had run.[1]

## STANDARD OF REVIEW

We generally review *de novo* a court's interpretation of Rule 4 of the Federal Rules of Civil Procedure. *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 920 (11th Cir. 2003). However, we review for abuse of discretion a court's dismissal without prejudice of a plaintiff's complaint for failure to timely serve a defendant under Rule 4(m). *Brown v. Nichols*, 8 F.3d 770, 775 (11th Cir. 1993) (stating the standard of review as it applied to the predecessor to Rule 4(m), former Fed.R.Civ.P 4(j)). We also review for abuse of discretion a court's decision to grant an extension of time under Rule 4(m). *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1133 (11th Cir. 2005).

---

[1] The plaintiffs' case against the Carroll County defendants proceeded. Carroll County Sheriff's Deputy Philip Wagner filed a motion for summary judgment, which the district court denied. The defendant Wagner appealed the district court's order denying his motion for summary judgment. We affirmed the judgment of the district court. *See Lepone-Dempsey v. Carroll County Comm'rs*, 159 Fed. Appx., 916 (11th Cir. Dec. 15, 2005). Thereafter, the plaintiffs and the remaining defendants entered into a settlement agreement and filed a joint motion to dismiss all claims against the defendant Wagner.

DISCUSSION

A plaintiff is responsible for serving the defendant with a summons and the complaint within the time allowed under Rule 4(m). Fed.R.Civ.P. 4(c)(1). Rule 4(m) requires a plaintiff to properly serve the defendant within 120 days of the plaintiff filing the complaint. Fed.R.Civ.P. 4(m). Therefore, the plaintiffs were responsible for properly serving both the City of Villa Rica and the individual defendants within 120 days after filing their lawsuit. The plaintiffs were required to serve the City of Villa Rica pursuant to Rule 4(j), because the waiver of service procedure set forth in Rule 4(d) does not apply to local governments. *See* Fed.R.Civ.P. 4(d) (stating that only an individual, a corporation, or an association are subject to service by waiver).[2] Given the plaintiffs' only attempt to serve the City of Villa Rica was by the waiver of service procedure, the plaintiffs failed to properly serve the City of Villa Rica.

The plaintiffs also failed to properly serve the individual defendants within the 120-day period. While the individual defendants are subject to the waiver procedure, the individual defendants did not respond to the plaintiffs' request for

---

[2] Fed.R.Civ.P. 4(d) states:
(2) An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons. . . . If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

6

waiver of service, and the defendant is not required to waive formal service.  *See* Fed.R.Civ.P. 4(d)(2).  We have held that if the defendant fails to respond to service by mail, the plaintiff must effect personal service pursuant to Rule 4(e).  *See Mfrs. Hanover Trust Co. v. Ponsoldt*, 51 F.3d 938, 940 (11th Cir. 1995) (citing to *Schnabel v. Wells*, 922 F.2d 726, 728 (11th Cir. 1991)), *superseded in part by rule as stated in Horenkamp*, 402 F.3d at 1132 n.2.  The plaintiffs failed to do so.[3]

If the plaintiff fails to properly serve the defendant within 120 days, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice . . . or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."  Fed.R.Civ.P. 4(m).  Good cause exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service."  *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991) (per curiam) (discussing "good cause" under the former Rule 4(j)), *superseded in part by rule as stated in Horenkamp*, 402 F.3d at 1132 n.2.  Even in the absence of good cause, a district court has the discretion to extend the time for service of process.  *Horenkamp*, 402 F.3d at 1132; *see Henderson v. United States*, 517 U.S. 654, 663, 116 S. Ct. 1638, 1643, 134 L. Ed.

---

[3] As the district court correctly concluded, the plaintiffs also properly failed to serve the defendants pursuant to the Georgia Rules of Civil Procedure.

2d 880 (1996) (recognizing that in the 1993 amendments to the rules, courts have been accorded the discretion to enlarge the 120-day period even in the absence of showing good cause).

The district court concluded that the plaintiffs failed to demonstrate good cause for failing to timely serve the defendants. The district court found that the plaintiffs "have not shown diligence in their efforts to serve process on [the defendants] and have failed to comply with Rule 4." We find that the district court did not abuse its discretion in making this determination. The plaintiffs failure to timely serve the defendants was not the fault of some outside factor, such as faulty advice; rather, the reasons for their failure were due to the plaintiffs' own negligence. *See Prisco*, 929 F.2d at 604. While the plaintiffs might have had good reason to think that they could rely on Mecklin's assertion that he would sign and return the waiver forms, the plaintiffs were responsible for formally serving the defendants when the waiver forms were not returned.

Absent a showing of good cause, the district court has the discretion to extend the time for service of process. *Horenkamp*, 402 F.3d at 1132-33. In *Horenkamp,* we stated that the Advisory Note to Rule 4(m) provided some guidance as to what factors may justify the grant of an extension of time absent a showing of good cause. *Id*. Although not an exhaustive list, the Committee

8

explained that "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service."  Fed.R.Civ.P. 4(m), Advisory Committee Note, 1993 Amendments.  Here, the district court's order denying the plaintiffs' claims without prejudice effectively barred their claims, because the statute of limitations had run.  The plaintiffs argue that the district court failed to specifically consider this factor and other factors in determining whether to grant them an extension of time to perfect service.

To date, we have not specifically stated that a district court must consider whether any factors warrant an extension of time absent a showing of good cause. Other circuits have held that if a plaintiff fails to show good cause, the district court must still consider whether any additional factors, such as the running of a statute of limitations, would warrant a permissive extension of time.  *See Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 (7th Cir. 1996); *Thompson v. Brown*, 91 F.3d 20, 22 (5th Cir. 1996)*; Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995)*; and Petrucelli v. Bohringer & Ratzinger, GMHB*,46 F.3d 1298, 1307-08 (3d Cir. 1995).  We agree with our sister circuits and hold that when a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether

any other circumstances warrant an extension of time based on the facts of the case. Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time.

The district court's decision to dismiss this case without prejudice for failure to timely effect service was premature, as it did not clearly consider, after finding that the plaintiffs failed to demonstrate good cause, whether a permissive extension of time was warranted under the facts of this case. Although the running of the statute of limitations, which barred the plaintiffs from refiling their claims, does not require that the district court extend time for service of process under Rule 4(m), it was incumbent upon the district court to at least consider this factor.

Therefore, we reverse the order of the district court and remand the case for reconsideration in light of this opinion.

**REVERSED and REMANDED**.