[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 11, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14833
Non-Argument Calendar

_____

D. C. Docket No. 07-01905-CV-T-23-MAP

LIOUDMILA LUNKEVICH DYER,

Plaintiff-Appellant,

versus

WAL-MART STORES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 11, 2009)

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

This is a Title VII case.[1] Lioudmila L. Dyer sued her former employer, Wal-Mart Stores, Inc. ("Wal-Mart"), claiming that it had discriminated against her on account of her national origin, Russia. The district court dismissed her suit because she failed to perfect service of process on Wal-Mart as required by Federal Rule of Civil Procedure 4. She appeals the dismissal. We affirm.

Dyer contends that the district court erred in determining that she failed to perfect service of process because she sent a copy of the summons and complaint to Wal-Mart's registered agent by certified mail and this is a permissible method of service upon a corporation under Federal Rule of Civil Procedure 4(h).

We review the district court's interpretation of Rule 4 de novo. Lepone-Dempsey v. Carroll County Com'rs, 476 F.3d 1277, 1280 (11th Cir. 2007). We review the court's dismissal of a case under Rule 4(m) for failure to properly serve the defendant for abuse of discretion. Id. Unless the district court's order states otherwise, a dismissal for failure to comply with the Federal Rules of Civil Procedure is usually interpreted as a dismissal with prejudice. Fed. R. Civ. P. 41(b). Here, however, the court dismissed Dyer's case "pursuant to Rule 4(m)," which provides for dismissal without prejudice. We therefore conclude that the court intended to dismiss the case without prejudice, and we construe the court as

---

[1] Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1).

having done so.

Rule 4 provides that a plaintiff may serve a corporation in one of two ways. First, a plaintiff may use any method of service allowed in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1), 4(e)(1). The Florida Rules of Civil Procedure provide for service of process by certified mail, but only if the defendant agrees to waive personal service. Fla. R. Civ. P. 1.070(i). Florida courts have held that service by certified mail, without an accompanying waiver, is not sufficient under Rule 1.070. Transport & General Ins. Co. v. Receiverships of Ins. Exch. Of the Americas, Inc., 576 So.2d 1351, 1352 (Fla. 1st DCA 1991).

Second, a plaintiff may effect service "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized . . . to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(2) (emphasis added). The term "delivering" appears to refer to personal service. Although we have not specifically addressed this issue in a published opinion, the Eighth Circuit has held that Rule 4(h)(2) requires personal service. Larson v. Mayo Med. Ctr., 218 F.3d 863, 868 (8th Cir. 2000). If the defendant agrees to waive service, however, the plaintiff need only

3

mail a copy of the complaint to the defendant.  Fed. R. Civ. P. 4(d).

In this case, Dyer failed personally to serve any of Wal-Mart's officers, managers, or authorized agents, as required by Rule 4(h)(2); nor did she file a waiver of service with the district court.  There is also no indication that Wal-Mart accepted service by mail pursuant to the Florida Rules of Civil Procedure.  Therefore, the district court appropriately dismissed her complaint pursuant to Rule 4(m).

**AFFIRMED**.[2]

---

[2] In her brief on appeal, Dyer raises other issues.  Since we conclude that the dismissal of her case without prejudice was appropriate, we need not, and do not, address those issues.