[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10262
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 20, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-03030-WBH

JACQUELINE R. LAURENT,

Plaintiff-Appellant,

versus

JOHN E. POTTER,
Postmaster General, United States Postal Service,

Defendant-Appellee,

KEVIN CULLEN, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 20, 2010)

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Jacqueline R. Laurent, proceeding *pro se*, appeals the district court's dismissal without prejudice of her employment discrimination suit against John E. Potter, the Postmaster General of the United States Postal Service (USPS) for failure to perfect service on him in accordance with Fed. R. Civ. P. 4(i) and (m). Laurent also appeals the district court's dismissal with prejudice of individual USPS employees Kevin Cullen and Kathy Brantley as improper defendants. After review, we affirm.

I.

Laurent first asserts the district court erred in dismissing her complaint against Potter for failing to comply with Fed. R. Civ. P. 4 because she committed a technical error, which was excused by the defendants' initial acknowledgment that they were properly served.[1]

Federal Rule of Civil Procedure 4(m) allows a court to sua sponte dismiss an action without prejudice, or order that service be made at a specific time, if a defendant is not served within 120 days after the complaint is filed. Fed. R. Civ.

---

[1]We review for abuse of discretion the district court's dismissal without prejudice of a plaintiff's complaint for failure to properly serve a defendant under Fed. R. Civ. P. 4(m). *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1280 (11th Cir. 2007).

P. 4(m).  Service of the United States, in relevant part, requires the following: (1) delivering a copy of the summons and complaint to the U.S. Attorney for the district where the action originated, or to an AUSA whom the U.S. Attorney designated in writing; and (2) mailing by registered or certified mail a copy of the summons and complaint to the Attorney General in Washington, D.C.  *Id.* 4(i)(1). Service of an official requires sending a copy of the summons and the complaint by registered or certified mail to the official.  *Id.* 4(i)(2).  "A defendant's actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

The district court did not abuse its discretion in dismissing Laurent's Title VII complaint pursuant to Fed. R. Civ. P. 4(i) and (m).  The record shows Laurent repeatedly failed to effectuate service on Potter, in spite of receiving detailed instructions regarding proper service from the court and having at least  two opportunities to properly serve him.  Moreover, the fact that Potter may have had actual notice of the pending suit does not excuse Laurent's defectively executed service. *See Albra*, 490 F.3d at 829.

II.

Laurent next contends the district court erred in dismissing Cullen and Brantley from her complaint because their alleged conduct was the basis for filing an employment discrimination lawsuit against USPS.[2]

Title VII provides that the "head of the department, agency, or unit" that allegedly discriminated against the plaintiff "shall be the defendant" in any civil action by a federal employee claiming discrimination. 42 U.S.C. § 2000e-16(c); *see Newbold v. U.S. Postal Serv.*, 614 F.2d 46, 47 (5th Cir. 1980) (holding that an individual employee was not a proper defendant in a Title VII suit against the USPS).

The district court did not commit plain error in dismissing Cullen and Brantley from Laurent's Title VII complaint because Potter, the head of the agency, was the only proper defendant. Accordingly, we affirm the district court's dismissal without prejudice of Laurent's complaint, and the court's dismissal with prejudice of Cullen and Brantley as improper defendants.

**AFFIRMED.**

---

[2]We review dismissals under Fed. R. Civ. P. 12(b) de novo. *Clark v. Riley*, 595 F.3d 1258, 1264 (11th Cir. 2010) (addressing Rule 12(b)(6) dismissals); *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (addressing Rule 12(b)(1) dismissals). We review for plain error, however, when a party fails to object to a magistrate's report that is subsequently adopted by the district court, if the report notifies the parties of the consequences of failing to object. *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).