[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14546
Non-Argument Calendar
_____

D.C. Docket No. 1:08-md-01928-DMM

DOUGLAS MOORE,
UTE NIELSON,

Plaintiffs-Appellants,

versus

BAYER CORPORATION,
BAYER HEALTHCARE PHARMACEUTICALS, INC.,
As Successor in Interest of Bayer Pharmaceuticals Corporation,
BAYER HEALTHCARE A.G.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 14, 2012)

Before TJOFLAT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellants Douglas Moore and Ute Nielson appeal the order of the District Court dismissing their complaints without prejudice for failing to perfect service of process on Bayer Corp. and its co-defendants. Order Dismissing Cases under PTO 31 Order to Show Cause, 2011 WL 5419068 (S.D. Fla.). Appellants present two arguments for reversal: (1) "Bayer waived the defense of lack of personal jurisdiction and Moore and Nielson were entitled to rely on the requirements of pretrial order Nos. 4 and 11 in proving sufficiency of service of process," and (2) "the District Court abused its discretion in dismissing the claims and should have extended time for service upon a finding of defective service because Moore and Nielson have good cause why relief is justified: the applicable statutes of limitation would bar the re-filing of both cases." Appellants' Br. at i.

Both sides agree that the standard of review is abuse of discretion. An abuse of discretion occurs when the decision of the district court is based on a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact. Fidelity Interior Const., Inc. v. Southeastern Carpenters Regional, 675 F.3d 1250, 1258 (11th Cir. 2012). We find no abuse of discretion and accordingly affirm. We reject the waiver assertion in appellants' first

2

argument because appellants did not present it to the District Court.  It is "[a]

general principle of appellate review . . .  that an appellate court will not consider

issues not presented to the trial court." McGinnis v. Ingram Equip. Co., 918 F.2d

1491, 1495 (11th Cir.1990) (en banc).  As for the remainder of the first argument,

we find no merit.

> As for appellants' second argument, here is what the District Court said:

> Plaintiffs have not shown good cause that would require an extension of time to serve.  They do not identify any outside factor preventing service, reliance on faulty advice, or evasion of service that would establish good cause.
> Nor have Plaintiffs shown a basis for a discretionary extension of time to serve.  Over a year has passed since these cases were filed, and Plaintiffs have been notified on multiple occasions of their obligation to demonstrate service on defendants.  Yet Plaintiffs have not established that the defendants were served, and have not moved for an extension of time to serve or provided any basis for granting one.  Additionally, I have considered here and in my prior Show Cause Order whether the statute of limitations would bar these actions, if re-filed.  Plaintiffs make no attempt to address this issue in their Response, and I also note that a statute of limitations bar would not require me to provide a discretionary extension of time. Lepone–Dempsey [v. Carroll Cnty. Com'rs, 476 F.3d 1277, 1282 (11th Cir. 2007)].  I find that the circumstances presented do not warrant an extension of time to serve under Rule 4(m) [of the Federal Rules of Civil Procedure].

Order etc.. 2011 WL 5419068 at 5.  We find no abuse of discretion in the District

Court's denial of an extension of time to serve.

> AFFIRMED.