[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12619
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cv-01319-BJD-JBT


AMEN E. IDUMWONYI,

                                        Plaintiff - Appellant,

versus

CONVERGYS,
DISTRICT COURT OF APPEALS,
HUBBARD HOUSE,
DUVAL COUNTY COURT,
STATE OF FLORIDA, et al.,

                                        Defendants - Appellees,

DUVAL COUNTY COURTHOUSE, et al.,

                                        Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 4, 2015)

Before HULL, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Amen Idumwonyi, proceeding *pro se*, appeals the district court's dismissal of his case without prejudice because, despite the court's warning, he failed to perfect service upon the defendants "within 120 days after the complaint is filed" as required by Fed. R. Civ. P. 4(m).  Upon review, we hold the district court did not abuse its discretion when it dismissed Idumwonyi's case without prejudice for failing to perfect service pursuant to Fed. R. Civ. P. (4)(m).  *See Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (reviewing *sua sponte* dismissal of complaint for failure to serve under Fed. R. Civ. P. 4(m) for abuse of discretion); *see also Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough we . . . give liberal construction to the pleadings of *pro se* litigants, we nevertheless . . . require them to conform to procedural rules.").

Rule 4(m) provides, "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time" unless "the plaintiff shows good cause." Fed. R. Civ. P. (4)(m).  If the plaintiff cannot show good cause, the district court still has discretion to extend the deadline for serving process if doing so is warranted by other circumstances.  *See Lepone-Dempsey v. Carroll County*

2

*Com'rs*, 476 F.3d 1277, 1282.  In this case, however, Idumwonyi has not shown good cause for failing to serve the defendants within the time allowed by Fed. R. Civ. P. 4(m), and no other circumstances warrant an extension of time.  *See id.* at 1281 ("Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." (alteration and quotations omitted)).  Accordingly, the district court's judgment is **AFFIRMED**.