[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12563
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cv-00287-HLM


BYRON SCOTT WRIGHT,

Plaintiff-Appellant,

versus

STATE OF GEORGIA,
POLK COUNTY,
BALDWIN COUNTY,
RANDALL HINES,
Ph.D. Interim Reginal Hospital Administrator,
MICHAEL L. MURPHY,
Judge, Tallapoosa Judicial Circuit, et al.,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 16, 2015)

Before HULL, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Byron Scott Wright, who is civilly committed and proceeding pro se, appeals the sua sponte dismissal of his 42 U.S.C. § 1983 action claiming violations of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.  Wright's § 1983 action was dismissed for failure to timely serve process on the named defendants under Federal Rule of Civil Procedure 4(m).  Wright failed to serve the defendants within 120 days of filing his lawsuit, as demanded by Rule 4(m), or within the 14-day extension ordered by the district court.  After careful review of the record, we affirm.

We review for abuse of discretion a district court's dismissal without prejudice of a plaintiff's complaint for failure to timely serve a defendant under Rule 4(m).  Lepone-Dempsey v. Carroll Cty. Comm'rs, 476 F.3d 1277, 1280 (11th Cir. 2007).  We also review the district court's denial of a motion to extend time to serve process for abuse of discretion.  Id.  Under this standard, we must affirm "unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard."  United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc).

On or after filing a complaint, "the plaintiff may present a summons to the clerk for signature and seal."  Fed. R. Civ. P. 4(b).  However, the plaintiff is

2

responsible for ensuring that the summons and complaint are served within the time required by Rule 4(m).  Fed. R. Civ. P. 4(c)(1).  Pursuant to Rule 4(m),

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Good cause exists "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service."  Lepone-Dempsey, 476 F.3d at 1281 (quotation omitted).  But Rule 4(m) grants a district court the discretion to extend the time for service of process even absent a showing of good cause.  Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005).

On appeal, Wright makes two "good cause" arguments.  Wright first claims that he kept in touch with the clerk's office and was never informed that he needed to take further steps.  However, Wright does not say that the clerk's office in any way impeded his serving process or that he failed to effect service because he relied on faulty advice from the clerk's office.  Wright next claims that Central State Hospital, the facility at which he is committed, did not help him get his paperwork notarized or make copies.  However, Rule 4 does not require notarization of a summons.  See Fed. R. Civ. P. 4(a)(1) (describing the required contents of a summons).  And once the district court granted him a 14-day

3

extension, Wright was on notice of his responsibility to find a means to copy his documents.  Although Wright eventually requested an extension to comply with the 14-day deadline, he did so only after that time period had lapsed.  Wright has not shown good cause for his failure to serve the defendants.

A district court may extend the time for service of process even absent a showing of good cause.  However, Wright had already been given a 14-day extension after the initial 120 days had passed.  The district court did not abuse its discretion by dismissing Wright's complaint without prejudice after he failed once again to serve the defendants.

**AFFIRMED.**