[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12165
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cv-00144-BAE-GRS

CONNIE JOHNSON,

                                                     Plaintiff,

ANTONIO PROCTOR,
WANDA RIVERA,
MARISHA WHITE,

                                                     Plaintiffs - Appellants,

versus

NAVKA, LLC,
NAVIKA CAPITAL GROUP, LLC,
NAVEEN C. SHAH,

                                                     Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(October 22, 2015)

Before HULL, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Plaintiffs Antonio Proctor, Wanda Rivera, and Marisha White appeal the district court's dismissal without prejudice of their complaint for failure to serve the defendants with process within 120 days after the date the complaint was filed as required by Rule 4(m), Federal Rules of Civil Procedure. Plaintiffs argue that the district court abused its discretion by dismissing the complaint without prejudice and by failing to consider whether the statute of limitations would bar Plaintiffs from refiling. After review,[1] we affirm.

For the first 87 days of the 120-day service period, Plaintiffs appear to have made no effort at service. With one month remaining, Plaintiffs asked counsel for the defendants to accept service on the defendants' behalf. Upon receiving a prompt refusal, Plaintiffs submitted a service waiver request under Rule 4(d), Federal Rules of Civil Procedure.[2] Three weeks after the 120-day service period lapsed, Plaintiffs sought an extension of time, which the district court granted. Five days after the extended deadline and over sixty days after the original

---

[1] We review for abuse of discretion a district court's dismissal without prejudice under Rule 4(m), Federal Rules of Civil Procedure. *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1280 (11th Cir. 2007).

[2] Given Plaintiffs' representations that they sent Rule 4(d) requests in late October and early November 2014, the defendants' deadline to respond would have been well after the original 120-day service period lapsed. *See* Fed. R. Civ. P. 4(d)(1)(F) (requiring a plaintiff to give the defendant at least 30 days to respond to a waiver of service request).

deadline, Plaintiffs served two defendants.  Later, Plaintiffs served the final defendant.  On the defendants' motion, the district court dismissed the complaint without prejudice.

We cannot say that the district court abused its discretion by dismissing the complaint.  In explaining their delay, Plaintiffs failed to show good cause rather than negligence, *see Lepone-Dempsey*, 476 F.3d at 1281–82, and the district court had already granted them one extension of time.  The district court also clearly considered whether the statute of limitations or any other circumstances merited an extension of time to serve the defendants.  *See id.* at 1282 ("Although the running of the statute of limitations, which barred the plaintiffs from refiling their claims, does not require that the district court extend time for service of process under Rule 4(m), it was incumbent upon the district court to at least consider this factor.").  Contrary to Plaintiffs' argument, the district court need not have examined whether the statute of limitations had in fact run.  *See id*.

**AFFIRMED.**