[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10608
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cv-00545-SDM-EAJ

NASSOR MOORUTS BEY,
ex relatiore Victor Leon Washington, in Propria Persona, sui juris,
NURA A.N.H. WASHINGTON BEY,
ex relatione Nura A. Washington,

Plaintiffs-Appellants,

versus

HILLSBOROUGH COUNTY,
DAVID GEE,
d/b/a Sheriff, Chief Executive & Law Enforcement Officer of the County, et al.,
CITY OF TAMPA et al.,
BOB BUCKHORN,
d/b/a Mayor, In individual capacity,
STEPHEN HILES,
Badge # 47126, In individual capacity,
W.C. HARRISON,
Badge # 47304, In individual capacity,
KRISTEN BALL,
ELISE ZAHN,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 6, 2017)

Before MARCUS, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Nassor Mooruts Bey and Nura A.N.H. Washington Bey appeal from the district court's dismissal of their claims against Kristen Ball and Elise Zahn, Hillsborough County Sheriff's Jail personnel.[1]  The district court determined that the Beys had failed to serve Ball and Zahn within the time required by Federal Rule of Civil Procedure 4(m) or the court's order giving the Beys an additional 20 days to complete service.  Because the district court did not abuse its discretion in

---

[1] In an earlier order, the district court dismissed the Beys' claims against other defendants.  Although the Beys argue in their briefs that the district court erred in dismissing these claims against the other defendants, their notice of appeal identified only the district court's order dismissing their claims against Ball and Zahn.  "Although we generally construe a notice of appeal liberally, we will not expand it to include judgments and orders not specified unless the overriding intent to appeal these orders is readily apparent on the face of the notice." *Osterneck v. E.T. Barwick Indus., Inc.*, 825 F.2d 1521, 1528 (11th Cir. 1987).  Here, the Beys' notice of appeal does not on its face manifest an overriding intent to appeal any orders but those relating to the Beys' claims against Ball and Zahn.  Although we liberally construe a *pro se* party's pleadings, we "require[] them to conform to procedural rules." *Moton v. Cowart*, 631 F.3d 1337, 1340 n.2 (11th Cir. 2011).  We will therefore not review any orders that were not specified in the Beys' notice of appeal. *See* Fed. R. App. P. 3(c)(1)(B) (requiring a notice of appeal to "designate the judgment, order, or part thereof being appealed").  But even if we were to consider the Beys' improperly appealed claims, they fail because the district court properly dismissed them for failure to state a claim upon which relief could be granted.

dismissing the claims on the ground that the Beys gave no adequate reason for their failure to timely serve Ball and Zahn, we affirm.

The Beys allege in this action that police officers stopped and unlawfully searched, arrested, and detained Mr. Bey on his way to work, unlawfully confiscated his vehicle, and subjected him to various other constitutional deprivations. On August 21, 2015, the Beys filed a third amended complaint adding claims against defendants Ball and Zahn, alleging that they violated his Eighth Amendment rights by subjecting him to degrading and unnecessary treatment.

After filing the third amended complaint, the Beys failed to serve Bell and Zahn within 120 days as Rule 4(m) required.[2] At that point, the district court entered an order directing the Beys to serve Ball and Zahn and file proofs of service by January 26, 2016. When the Beys failed to meet this deadline, the district court dismissed their claims against Ball and Zahn.

"[W]e review for abuse of discretion a court's dismissal without prejudice of a plaintiff's complaint for failure to timely serve a defendant under Rule 4(m)." *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009) (internal quotation marks omitted). We will "affirm unless we find that the district

---

[2] Subsequently, Rule 4(m) was amended to reduce the period to 90 days. *See* Fed. R. Civ. P. 4(m) advisory committee's notes to 2015 amendment.

court has made a clear error of judgment, or has applied the wrong legal standard." *Id.* (internal quotation marks omitted).

Under the applicable Federal Rules of Civil Procedure in effect at the time, the Beys had 120 days to serve their summons and complaint on Ball and Zahn. *See* Fed. R. Civ. P. 4(c)(1) (pre-2015 amendments). Rule 4(m) provided that if a plaintiff failed to serve a complaint within 120 days, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (pre-2015 amendments). Rule 4(m) requires a court to extend the time for service, however, if the plaintiff establishes "good cause for the failure." *Id.* "Good cause exists only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (alteration in original) (internal quotation marks omitted).

On appeal, the Beys argue that the district court abused its discretion by dismissing their claims because they were in the process of serving Ball and Zahn and have continued to try to do so. But the record reflects that the Beys made only one attempt to serve Ball and Zahn, which was unsuccessful.[3] Because the Beys

---

[3] The Beys argue that Ball and Zahn's joinder was not necessary to "accord complete relief among existing parties" under Federal Rule of Civil Procedure 19(a), suggesting that even

4

never served Ball and Zahn within the time required by Rule 4(m) or the district court's extension and have failed to show good cause for their failure to do so, the district court did not abuse its discretion in dismissing the Beys' claims against Bell and Zahn.

For these reasons, the district court's dismissal of the Beys' claims against Ball and Zahn is affirmed.

**AFFIRMED.**

---

if they failed to serve Bell and Zahn their claims against the remaining defendants should be allowed to proceed.  But as we explained above, the Beys' notice of appeal limited this appeal to the district court's order dismissing their claims against Bell and Zahn.