[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-10573
Non-Argument Calendar

_____

D.C. Docket No. 1:20-cv-21518-CMA

AKBAR MARVASTI,

Plaintiff-Appellant,

versus

SECRETARY, U.S. DEPARTMENT OF COMMERCE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 9, 2021)

Before JILL PRYOR, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Akbar Marvasti, proceeding *pro se*, appeals the district court's dismissal without prejudice of his *pro se* second amended employment discrimination complaint for failure to effect timely service.  Although Marvasti primarily argues the merits of his underlying discrimination claims—which are not properly before this Court—liberally construing his brief, he also argues that the district court abused its discretion by dismissing his complaint for lack of service without considering whether good cause or other factors warranting an extension of time existed.  After review, we vacate and remand for further proceedings consistent with this opinion.

## I.    Background

On April 27, 2020, Marvasti filed his second amended complaint against the then-United States Secretary of Commerce, alleging discrimination by his employer, the National Oceanic and Atmospheric Administration, based on his national origin and religion, in violation of Title VII.[1]  The district court then issued an order providing him with instructions on procedures for *pro se* litigants. The order advised Marvasti that he was obligated to comply with all Federal Rules of Civil Procedure, including that he was responsible for ensuring that the

---

[1] The district court had *sua sponte* dismissed Marvasti's initial complaint and his first amended complaint without prejudice for failure to state a claim.

defendant was served with the summons and complaint under Fed. R. Civ. P. 4(m) within 90 days after the filing of the complaint.

A few days later, the district court ordered Marvasti to perfect service upon the defendant, pursuant to Rule 4(m), by July 8, 2020, or show cause why the action should not be dismissed for failure to perfect service of process. It advised that failure to file proof of service or show good cause by that date would "result in a dismissal without prejudice and without further notice."

On July 13, 2020, the district court *sua sponte* dismissed the case without prejudice, finding that "there [was] no indication on the docket that the [d]efendant ha[d] been served, nor ha[d] [Marvasti] requested additional time to do so.

The same day, Marvasti filed a letter with the district court, stating that on May 12, 2020, he sent a summons to the Department of Commerce, via U.S. Postal Service ("USPS") certified mail, and had requested a return receipt. He stated that he had not received a return receipt, and he had learned upon calling the district court to check on his case status that his case had been dismissed for lack of service. He asserted that he had resent the summons that day again with return receipt requested, and he urged the court to give him another chance to perfect service. The following day, Marvasti sent a second letter to the district court stating that the tracking information for his first summons indicated that it was delivered on May 15, 2020, even though he never received a return receipt. He

3

expressed concern that perhaps the summons had not been received by Department of Commerce staff because most government agencies were working remotely due to the COVID-19 pandemic, and he urged the district court to reconsider its prior dismissal of his case. He attached a printout of the tracking information in support of his allegations.

The district court denied his motion for reconsideration without prejudice. The district court acknowledged his letters but stated that it was "unclear whether [Marvasti] is effectuating service properly, *see* Fed. R. Civ. P. 4(i), nor does he explain why he did not seek additional time to serve Defendant."

Marvasti filed additional requests for reconsideration citing the same issues and concerns relating to service of process during the pandemic. In one of his letters, Marvasti indicated that he had successfully served the Department of Commerce. He submitted a confirmation e-mail he received from the service of process firm, stating that service had been made on an authorized agent with the agency, along with a sworn affidavit from the process server. The district court granted Marvasti's motion for reconsideration, concluded that it appeared service had been made within a reasonable time, and reinstated the case.

However, two months later, on November 25, 2020, the district court *sua sponte* determined that service had not been perfected because the defendant had not responded or filed an appearance. The district court explained that Marvasti

4

had to serve the United States under Rule 4(i)(1), because he was suing the Secretary of Commerce in his official capacity. Accordingly, it ordered Marvasti to "perfect service on [d]efendant and file a return of service by December 23, 2020, failing which the case [would] be DISMISSED without prejudice and without further notice."

On December 15, 2020, Marvasti submitted a sworn affidavit from an employee with Same Day Process Service, Inc., attesting that a copy of the relevant legal documents had been sent via certified mail to the U.S. Department of Justice ("DOJ"). A couple of weeks later, the district court *sua sponte* dismissed the case without prejudice for lack of service, explaining that sending the summons and the complaint via certified mail to the DOJ was "insufficient."

A few days later, Marvasti sent a letter requesting an extension of time to serve the DOJ, asserting that he had had no alternative but to use certified mail at the time because the process server company had advised him that it was the only method through which the DOJ was receiving summons. He averred that the DOJ had since reopened and that it could be served.

The district court construed Marvasti's motion for an extension as a motion for reconsideration and denied it, reiterating that, despite several opportunities, Marvasti failed repeatedly to serve process over eight months. The court noted that Marvasti could file a new action because the dismissal was without prejudice,

and that he could move to set aside the dismissal if there was a statute of limitations issue.[2] Marvasti appealed.

## II.    Discussion

Marvasti argues that the district court failed to consider whether good cause or other factors warranting an extension of time were present before dismissing the complaint.

We review for abuse of discretion a court's dismissal without prejudice of a complaint for failure to timely serve a defendant under Federal Rule of Civil Procedure 4(m), as well as a court's decision to grant an extension of time under Rule 4(m). *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1280 (11th Cir. 2007).

When a defendant is not served within 90 days of the filing of the complaint, the district court, "on motion or on its own after notice to the plaintiff[,] must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "Good cause exists only when some outside factor, such

---

[2] Marvasti subsequently filed another motion for reconsideration, reiterating that he had served DOJ via certified mail in December. The district court again denied his motion and emphasized that because the dismissal was without prejudice, and Marvasti could refile the action. The district court also advised that it would not entertain any additional motions for reconsideration unless there was a statute of limitations issue.

as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey*, 476 F.3d at 1281 (alteration adopted) (quotation omitted).

Furthermore, we held recently that "even when a plaintiff cannot demonstrate good cause, the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 919 (11th Cir. 2020). "[A] district court may exercise its discretion to dismiss the case without prejudice or to direct service to be accomplished within a set time only after it evaluates any factors that may bear on this determination." *Id.* Where a district court dismisses a case after "finding that the plaintiff did not demonstrate good cause but before considering whether the facts of the case justify a permissive extension of the service period," the dismissal is "premature." *Id.* Thus, in *Bilal*, we vacated a dismissal without prejudice for lack of service and remanded for further proceedings. *Id.* at 920. We explained that even though the district court had given the plaintiff two prior extensions to serve the defendants, vacatur and remand was warranted because the dismissal order did "not indicate that the district court evaluated whether any other circumstances of the case justified a further extension." *Id.* at 919–20. We are bound by *Bilal*. *See Wascura v. Carver*, 169 F.3d 683, 687 (11th Cir. 1999)

7

(explaining that under the prior-panel-precedent rule, we are bound to follow a prior panel decision "regardless or whether we agree with it").

Accordingly, we must vacate the district court's dismissal without prejudice and remand because the district court did not consider whether Marvasti had shown good cause or whether any facts of the case otherwise justified an additional extension.

**VACATED AND REMANDED.**