[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12527

Non-Argument Calendar

_____

TONY B. MATHIS,

Plaintiff-Appellant,

*versus*

CSX TRANSPORTATION,
MARK WILLIAMS,
Manager Program Construction,
JAMES HINANT,
Director of Program Construction,
MATTHEW SLATER,
SPG Supervisor,

2                    Opinion of the Court                    21-12527

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:20-cv-00528-MMH-JRK

———————————

Before JILL PRYOR, BRANCH, AND BRASHER, Circuit Judges.

PER CURIAM:

Tony B. Mathis, proceeding *pro se*, appeals from the district court's dismissal without prejudice of his complaint for failure to prosecute.[1] The Appellees have moved for summary affirmance of the district court's order. After review, we grant the Appellees' motion.

## I.    Factual Background

In May 2020, Mathis filed the present *pro se* suit against his former employer, CSX Transportation ("CSX"), and three company employees in May 2020, claiming discrimination and

---

[1] As the district court noted, its dismissal without prejudice was effectively a dismissal with prejudice because Mathis was required to file suit within 90 days of receiving a Notice of Right to Sue from the Equal Employment Opportunity Commission. *See* 42 U.S.C. § 2000e-5(f)(1). Mathis received his notice in 2020, and, as the district court found, "his 90 day period has undeniably expired."

retaliation under Title VII of the Civil Rights Act of 1964, along with a motion to proceed *in forma pauperis* ("IFP"). In June 2020, a magistrate judge ordered Mathis "not [to] serve Defendants with any pleading or other process related to this action" until the court decided whether to permit him to proceed IFP. However, prior to the court ruling on the IFP motion, Mathis paid the filing fee, rendering the motion moot. However, Mathis did not serve the defendants.

On September 8, 2020, the district court *sua sponte* ordered Mathis to show cause by September 25 why, in light of his failure to serve the defendants within 90 days of filing his complaint, his suit should not be dismissed for failure to prosecute his case under Local Rule 3.10(a). Mathis responded by asserting that he suffered from anxiety and depression, that since "the work related incidents I have had trouble with memory in some areas and understanding or comprehension," but that he was "engaged and ready to proceed" despite his "misunderstanding and missing deadlines."

Yet Mathis still did not serve the defendants, and they moved to dismiss his complaint for lack of service in March 2021. Mathis did not respond, and in April 2021, the district court issued a second show-cause order, in which it noted that Mathis had failed to serve his complaint on the defendants or respond to their motion to dismiss. The district court ordered Mathis to file a written response explaining his failure to serve the defendants or respond to their motion to dismiss by May 14, cautioning him that a failure to comply would result in dismissal of his case.

On May 10, Mathis filed a "response to motion," explaining that he was going through difficult times, thought that the district court would serve his complaint for him, and was "engaged and more than ready to present [his] case."

On June 29, 2021, the district court granted the defendants' motion and dismissed Mathis's suit.  The court found that, despite the two show cause orders explaining the need for Mathis to effect service, Mathis had never expressed any intention of serving his complaint on the defendants, and failed to show good cause for not doing so.  Similarly, he failed to request an extension of time to effect service at any point in the prior year between the filing of his complaint and the dismissal.  And he failed to respond to the motion to dismiss or explain his failure to do so.  Based on these circumstances, the district court concluded that Mathis had failed to "otherwise prosecute" his case and that dismissal was warranted. Mathis appealed.

On appeal, Mathis filed a *pro se* brief—spanning nine sentences without any citations to the record or caselaw— purporting to challenge the district court's dismissal of his complaint.  CSX moved for summary affirmance of the district court's order and a stay of the briefing schedule, arguing that the district court did not abuse its discretion in dismissing Mathis's case for failure to prosecute because Mathis failed to offer good cause

21-12527                Opinion of the Court                5

for his failure to serve the complaint on the defendants or comply with the district court's show-cause orders.[2]

## II.    Discussion

Summary disposition of an appeal is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[3] We liberally construe *pro se* pleadings and hold them to a less stringent standard than those drafted by attorneys. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). Yet a court may not "serve as de facto counsel for a party [or] rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168–69 (quotation omitted). Further, all litigants in federal

---

[2] CSX also argues that Mathis has abandoned any challenge to the dismissal of the case by failing to respond to the basis of dismissal: that he failed to prosecute his case. We disagree, however, and conclude that Mathis has not abandoned his challenge to the dismissal of his complaint. Liberally construed, Mathis's brief argues that good cause existed for his failure to timely serve the defendants or respond to the defendants' motion to dismiss. Mathis asserts that he "wasn't notified by the court whether to proceed with prosecuting [his case]." He also challenges adequately the second basis for the dismissal—that he did not show good cause for failing to timely respond to the motion to dismiss—by stating in his brief, "I didn't have knowledge of how to respond to orders and *motions*." (Emphasis added).

[3] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that all decisions from the Fifth Circuit Court of Appeals issued before October 1, 1981, are binding precedent in the Eleventh Circuit).

court—*pro se* or counseled—are required to comply with applicable procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam).

We will generally review a dismissal for failure to prosecute for abuse of discretion. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999); *see also* M.D. Fla. Civ. R. 3.10 (providing that a plaintiff's failure to prosecute "can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay").

Under the Federal Rules of Civil Procedure, a plaintiff must serve all defendants with a copy of the complaint within 90 days of filing it. Fed. R. Civ. P. 4(m). The district court "must extend the time for service for an appropriate period" if the plaintiff shows good cause for failure to perfect service within the 90-day period. *Id.* A plaintiff can show good cause by indicating that "some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *See Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (alteration adopted).

If the district court determines that a plaintiff has failed to show good cause for failure to timely effect service, "the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Id.* at 1282. "Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case

21-12527                Opinion of the Court                7

without prejudice or direct that service be effected within a specified time." *Id*.

"The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). But dismissal of a complaint with prejudice "is considered a sanction of last resort, applicable only in extreme circumstances." *Goforth*, 766 F.2d at 1535.

The local rules for the Middle District of Florida provide that a party must respond to a motion to dismiss within 21 days after service of the motion. M.D. Fla. Civ. R. 3.01(c). Likewise, Local Rule 3.10(a) provides that "[w]henever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution." M.D. Fla. Civ. R. 3.10; *see also* Fed. R. Civ. P. 41(b).

We grant CSX's motion for summary affirmance because no substantial question exists as to whether the district court abused its discretion in dismissing Mathis's suit. It did not. To be sure, the magistrate judge's June 2020 order instructing Mathis not to serve the defendants arguably relieved him of his duty to perfect service temporarily until the court made a determination as to whether he could proceed IFP. But then Mathis paid the filing fee, the district court denied the IFP motion as moot, and Mathis still did not perfect service. And the district court issued a show-cause order in

September 2020 asking Mathis why the case should not be dismissed for failure to prosecute. Mathis responded that he was "engaged and ready to proceed" but he still did not serve the defendants. Six months later, in March 2021, the defendants moved to dismiss the case for lack of service, and although Mathis again reiterated that he was "engaged" and "more than ready" to proceed and acknowledged that he had mistakenly believed the district court would perfect service, he again failed to serve the defendants before the district court's June 29, 2021, order dismissing the case. And despite the show-cause orders and motion to dismiss—all of which highlighted Mathis's lack of compliance with Rule 4(m) and Local Rule 3.10(a)—Mathis never once requested an extension of time to serve the defendants.

In addition, Mathis's excuses for his failure to comply with the service rules—a general misunderstanding of the litigation process and mental health issues—were not "outside factor[s]" that "prevented service." *See Lepone-Dempsey*, 476 F.3d at 1281; *see also Albra*, 490 F.3d at 829 (clarifying that *pro se* litigants must abide by procedural rules). The district court therefore did not abuse its discretion when it dismissed Mathis's suit.

Accordingly, no substantial question exists as to the outcome of the case, and summary affirmance is proper. *See Groendyke Transp.*, 406 F.2d at 1162. We **GRANT** CSX's motion for summary affirmance and **DENY** as moot its motion to stay the briefing schedule.