[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11733

Non-Argument Calendar

_____

JULIA M. ROBINSON,

Plaintiff-Appellant,

*versus*

THE CITY OF HOLLYWOOD POLICE DEPARTMENT,
et al.,

Defendants,

CHOICE HOTELS INTERNATIONAL SERVICES CORP.
SERVICE COMPANY,
TERMINIX GLOBAL HOLDINGS INC.,
THE UNITED STATES OF AMERICA,

2                    Opinion of the Court                    23-11733

JANE DOE'S,
JOHN DOE'S,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-03080-MHC

_____

Before ROSENBAUM, GRANT and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Julia Robinson, proceeding *pro se*, appeals the district court's dismissal without prejudice of her complaint for failure to timely serve the defendants: the United States, Choice Hotels International Services Corp. ("Choice Hotels"), and Terminix Global Holdings ("Terminix"). She argues that the district court abused its discretion in dismissing her complaint because she successfully made service by sending requests for waivers of service to the defendants within 90 days of filing her amended complaint.

Having reviewed the record and read the parties' briefs, we affirm the district court's order of dismissal.[1]

## I.

"We review for abuse of discretion a court's dismissal without prejudice of a plaintiff's complaint for failure to timely serve a defendant under Rule 4(m)." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1280 (11th Cir. 2007). "An abuse of discretion occurs when a district court commits a clear error of judgment, fails to follow the proper legal standard or process for making a determination, or relies on clearly erroneous findings of fact." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1163 (11th Cir. 2017). We cannot say that a district court abuses its discretion when it dismisses a case without prejudice because parties can refile their complaints. *See, e.g.*, *Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983).

Furthermore, although we liberally construe complaints filed by *pro se* plaintiffs, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (internal

---

[1] It is not clear if Robinson is also appealing from the district court's orders denying her motion for a temporary restraining order and her motion for a preliminary injunction. However, she makes no mention of this in her brief, and this failure constitutes a waiver of any alleged error by the district court on the issue. *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009).

quotation marks omitted).  A *pro se* complaint still must comply with procedural rules.  *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

## II.

If a plaintiff does not serve process "within 90 days after the complaint is filed," a district court must dismiss the action without prejudice.  Fed. R. Civ. P. 4(m).  As an alternative to serving process, a plaintiff may request that defendants waive service.  *Id.* R. 4(d).  However, a "defendant is not required to waive formal service."  *Lepone-Dempsey*, 476 F.3d at 1281.  The United States may not waive service.  Fed. R. Civ. P. 4(d)(1), (i).  If a defendant does not do so, full service of process must be made within the allotted time.  *Id.*  If service is not made within 90 days, a plaintiff may avoid dismissal if she can show "good cause for the failure."  Fed. R. Civ. P. 4(m).  "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service."  *Lepone-Dempsey*, 476 F.3d at 1281 (quotation omitted and alteration adopted).

Even "when a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case."  *Id.* at 1282.  "Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time."  *Id.*

### III.

The record demonstrates that the district court correctly determined that Robinson's attempts to serve the defendants were well beyond the 90-day limit and her requests for waiver did not toll that time. In her response to Choice's motion to dismiss, Robinson admitted that she sent the request for waiver of service after the expiration of the 90-day period. The record also supports the district court's determination that none of the reasons cited by Robinson constitute good cause. The district court issued a show cause order for Robinson to provide reasons why it should not dismiss her complaint for failure to serve the defendants. In her response, Robinson asserted that her service requests were sabotaged by the U.S. Postal Service, that she had not read Federal Rule of Civil Procedure 4 in its entirety, and that she thought she could wait for a response from the defendants to her requests for waiver before she paid for full service of process. Robinson fails to demonstrate that the district court abused its discretion in finding that she did not show good cause to excuse her failure to timely serve the defendants. Thus, we conclude that the district court properly considered her proffered reasons for failure to timely serve the defendants and found them lacking.

Accordingly, based on the aforementioned reasons, we affirm the district court's order dismissing Robinson's complaint without prejudice.

**AFFIRMED.**