**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 25-10608

Non-Argument Calendar

————————————

SIDNEY RENARD PARRISH,

*Plaintiff-Appellant,*

*versus*

GEORGIA STATE PATROL,

THOMIS BOND,

Patrol Officer, in Official Capacity,

STEPHEN SPIRES,

Patrol Officer, in Official Capacity,

*Defendants-Appellees.*

————————————

Appeal from the United States District Court

for the Southern District of Georgia

D.C. Docket No. 6:24-cv-00052-JRH-BKE

————————————

Before JORDAN, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Sidney Parrish, proceeding pro se, appeals the dismissal of his 42 U.S.C. § 1983 false arrest complaint against the Georgia State Patrol and two of its officers, Thomis Bond and Stephen Spires, for failing to timely serve the three defendants. He argues that the district court abused its discretion because it did not consider the hardships that prevented him effecting service of process.

We review a district court's dismissal without prejudice of a plaintiff's complaint for failure to timely serve a summons and complaint under Federal Rule of Civil Procedure 4(m) for abuse of discretion. *See Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009). This standard is "deferential," and provides the court with a "wide range of choice." *BLOM Bank SAL v.* Honickman, 145 S.Ct. 1612, 1622-23 (2025) (citations and internal quotation marks omitted). We will therefore affirm unless we conclude that the court committed a clear error of judgment or applied the wrong legal standard. *See Rance*, 583 F.3d at 1286. Although "liberal construction" is given to pro se pleadings, pro se litigants must still "conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quotation omitted).

Upon filing a complaint, the plaintiff is responsible for ensuring the summons and complaint are served within the time required by Rule 4(m) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(c)(1). Pursuant to Rule 4(m),

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action

without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Good cause exists "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quotation omitted).

Even "when a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Id.* at 1282. "Although not an exhaustive list, . . . relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Id.* (quotation omitted). "Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." *Id.*

Here, the district court did not abuse its discretion in dismissing Mr. Parrish's complaint without prejudice. Mr. Parrish never timely served any of the defendants, and never made any attempts to effect service. Nor did he provide the court good cause to extend the service deadline. The court considered, moreover, whether the circumstances of the case warranted an extension prior to dismissing the complaint. Although Mr. Parrish explained

his hardships to the court, he did not identify any outside factor, such as reliance on faulty advice, to explain his failure to timely serve any defendant. *See* D.E. 23 at 2-4; *Lepone-Dempsey*, 476 F.3d at 1281. The court's decision to dismiss the complaint without prejudice was within its wide discretion, particularly given that Mr. Parrish did not face any statute of limitations issues if he refiled the complaint.

**AFFIRMED.**