[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14718
Non-Argument Calendar
_____

D.C. Docket No. 1:20-cv-00102-JRH-BKE

PRECIOUS WILEY,
Surviving Spouse of Randy B. Wiley,

Plaintiff - Appellant,

versus

DEPARTMENT OF VETERANS AFFAIRS,
UNITED STATES GOVERNMENT,
EISENHOWER ARMY MEDICAL CENTER,

Defendants – Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(May 26, 2021)

Before JORDAN, GRANT and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Precious Wiley appeals *pro se* the district court's order *sua sponte* dismissing her *pro se* complaint under the Federal Tort Claims Act alleging the wrongful death of her husband due to an Eisenhower Army Medical Center ("EAMC") employee's negligence. The district court found that Wiley failed to effect proper service on EAMC and the other defendants, the Department of Veterans Affairs, Office of General Counsel, and the United States Government, Veterans Affairs. On appeal, Wiley contends that she served each of the defendants with a copy of the complaint by certified mail and mailed copies of the certified notices to the Veterans Affairs office and the United States Attorney for the Southern District of Georgia. After a review of the record, we affirm the district court's order of dismissal.

## I.

Although we generally review a district court's interpretation of Rule 4 *de novo*, we review the district court's order dismissing a complaint without prejudice for failing to timely serve a defendant under Rule 4 for abuse of discretion. *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1280 (11th Cir. 2007). While we construe the pleadings of *pro se* litigants liberally, we still require them to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

2

To serve the United States, Rule 4 requires, in relevant part: (1) sending a copy of the summons and complaint to the civil process clerk at the United States Attorney's Office by registered or certified mail; and (2) sending a copy of the summons and complaint to the Attorney General of the United States in Washington, D.C., by registered or certified mail.  Fed. R. Civ. P. 4(i)(1).  To serve a United States agency, Rule 4 requires, in relevant part: (1) serving the United States; and (2) sending a copy of the summons and complaint to the agency by registered or certified mail.  Fed. R. Civ. P. 4(i)(2).  A court must allow a reasonable time for a party to cure its failure to serve a required person under Rule 4(i)(2), if the party has served either the United States Attorney or the United States Attorney General.  Fed. R. Civl. P. 4(i)(4).

Pursuant to Rule 4, "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)."  Fed. R. Civ. P. 4(c)(1).  Rule 4(m) provides, in part, that "if a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  If the plaintiff shows good cause for the failure, however, "the court must extend the time for service for an appropriate period."  *Id.*  If the district court finds that a plaintiff has failed to show good cause for failing to effect service timely, it must

consider whether circumstances warrant an extension of time based on the facts of the case. *Lepone-Dempsey*, 476 F.3d at 1282. "Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." *Id.*

## II.

Based on our review of the record, we conclude that the district court did not abuse its discretion in dismissing Wiley's complaint without prejudice for her failure to serve the defendants properly. Although Wiley contends on appeal that she sent a copy of the complaint to all parties, she does not state that she sent a copy of the summons. If she did send the certified notices to the United States Attorney for the Southern District of Georgia and the Veterans Affairs office, she still failed to comply with Rule 4(i) because she did not serve the United States government.

Moreover, Wiley has not shown good cause warranting an extension of time for her to effectuate service properly. Wiley does not assert that the district court failed to consider factors that might have justified an extension of time. Therefore, she has abandoned that issue. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (stating that issues not briefed on appeal by a *pro se* litigant are deemed abandoned). Regardless, the district court considered that dismissing Wiley's

4

complaint would not prejudice her because, based on the dates alleged in her complaint, her claim would be timely. Accordingly, for the aforementioned reasons, we affirm the district court's order dismissing Wiley's complaint without prejudice.

**AFFIRMED**.