[DO NOT PUBLISH]

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-13660

Non-Argument Calendar

_____

WASEEM DAKER,

Plaintiff-Appellant,

versus

TIMOTHY WARD,
GDC Assistant Commissioner,
et al.,

Defendants,

2                    Opinion of the Court                    21-13660

ROBERT TOOLE,
GDC Field Operations Director,
GEORGIA DEPARTMENT OF CORRECTIONS,
GREGORY MCLAUGHLIN,
Former Warden at Macon State Prison,
PETER EADDIE,
Macon State Prison Warden of Security,
TIMOTHY SALES,
Macon State Prison Warden of Security,
et al.,

                                               Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:19-cv-00126-MTT-CHW

————————————————

Before ROSENBAUM, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

Waseem Daker, a Georgia state prisoner proceeding *pro se*, brought this action against six dozen defendants who currently or formerly worked for the Georgia Department of Corrections ("GDC") in various state facilities where Mr. Daker was (or

continues to be) held in custody. Mr. Daker is a Muslim man, and his complaint alleged, among other things, that the GDC maintained an unconstitutional grooming policy by requiring male prisoners to wear a beard no longer than one-half inch. He further alleged that the GDC had a policy of using force to administer the one-half-inch beard restriction. He claimed that these policies violated the First Amendment, Eighth Amendment, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq.*

On appeal, Mr. Daker challenges the district court's dismissal of his claims related to four forced-shaving incidents as frivolous, duplicative, or malicious under the screening provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A. He also challenges the district court's dismissal of the remaining claims in his complaint for failure to timely serve the defendants under Federal Rule of Civil Procedure 4(m). After careful review, we conclude that the district court did not dismiss the claims related to the forced-shaving incidents about which Mr. Daker complains on appeal, and thus did not err. Regarding the district court's dismissal for failure to timely serve the defendants, we conclude that the district court abused its discretion in dismissing the complaint without considering whether there were circumstances that warranted an extension of time for Mr. Daker to properly serve them. We therefore affirm in part, vacate in part, and remand to the district court for further consideration.

## I.    BACKGROUND

Waseem Daker is a prisoner in Georgia state custody. According to Mr. Daker, as a Muslim man, he is required to wear a beard at least the length of his fist. For him, a fist-length beard would measure three inches. But GDC's grooming policy prohibits Mr. Daker from growing a beard longer than one-half inch. Mr. Daker filed a complaint bringing claims under 42 U.S.C. § 1983 and the RLUIPA against numerous current and former GDC officials, alleging that this policy violated his constitutional rights under the First Amendment and Eighth Amendment and his rights under the RLUIPA.

In his complaint, Mr. Daker alleged that on at least 15 occasions between 2015 and 2019, GDC officials used threats and actual force, including pepper spray and tasers, to shave or attempt to shave his beard. He further alleged that GDC officials used damaged, broken, and unsanitary clippers to do the shaving, contrary to GDC's own standard operating procedures, and that this conduct placed Mr. Daker in danger of contracting an infection. According to the complaint, in one incident, he was left with multiple injuries after he was handcuffed, dragged, held down, and choked while a fellow prisoner shaved him with dirty clippers. Following another forced shaving, a GDC official allegedly reported Mr. Daker for failing to follow instructions and assaulting staff. As a result, Mr. Daker was put in solitary confinement.

As required by the PLRA's screening provision, the magistrate judge *sua sponte* reviewed Mr. Daker's complaint. *See* 28

U.S.C. § 1915A(a). The magistrate judge recommended that Mr. Daker's claims related to four forced-shaving incidents—on June 13, 2018; September 18, 2018; February 18, 2019; and July 12, 2019—be permitted to proceed for further factual development. The magistrate judge recommended that all other claims should be dismissed without prejudice because they were frivolous, duplicative, malicious, or failed to state a claim upon which relief may be granted under 1915A(b)(1). For the claims that survived screening—those related to the four forced-shaving incidents—Mr. Daker was ordered to serve all the defendants within 90 days.

The magistrate judge entered this recommendation on January 5, 2021. The magistrate judge advised that failure to object would "waive[] the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made." Doc. 41 at 31.[1] Although Mr. Daker initially had 14 days to file any objections to the magistrate judge's recommendation, the district court granted Mr. Daker's motion for an extension and allowed him until March 24 to object.

On April 1, 2021, the district court issued an order adopting the magistrate judge's recommendation in full, dismissing many of Mr. Daker's claims but allowing the claims related to the four forced-shaving incidents to proceed. In its order, the district court noted that Mr. Daker had not objected to the magistrate judge's recommendation. About two weeks later, the district court

---

[1] "Doc." numbers refer to the district court's docket entries.

received an objection from Mr. Daker, which he had signed and dated on March 23. As relevant here, Mr. Daker objected that his claims related to the forced-shaving incidents were not duplicative, and that his claims concerning GDC's forced-shaving policy were not vexatious and harassing.

The district court entered a new order on May 26 that addressed Mr. Daker's objection. The court first explained that Mr. Daker's objection was untimely then affirmed its conclusions in the April 1 order, stating that even if it considered the objection, it still would adopt the magistrate judge's recommendation to dismiss some of Mr. Daker's claims and allow those related to the four forced-shaving incidents to proceed.

With respect to the court's direction that the remaining claims be served on the defendants within 90 days of the January 5, 2021 order, Mr. Daker moved for service by the United States Marshals Service ("USMS"). *See* Fed. R. Civ. P. 4(c)(3) (providing that a district court may order the U.S. Marshal to effectuate service). He argued that, due to his incarceration, he lacked access to resources, including a phone, with which to identify and contact process servers. In addition, he did not have the defendants' home addresses and was not likely to obtain them because they were correctional officials and he would have to serve them at their work addresses, to which private process servers would not have access. The district court denied his request in February.

Three months later, when Mr. Daker still had not served the defendants, the district court ordered that he show cause why the

entire case should not be dismissed for failure to serve the defendants. In response to the order to show cause, Mr. Daker renewed his request that the court order the USMS to effectuate service.

Finally, in October, when Mr. Daker still had not served the defendants, the district court denied his renewed request for the USMS to effectuate service and dismissed the case for failure to serve the defendants. After acknowledging that under Rule 4(m) courts must extend the time for service if a plaintiff shows good cause, the district court rejected Mr. Daker's arguments. The court considered his argument that he did "not have the ability to serve the defendants because he [was] in prison" and did "not have anyone to help him contact process servers" or locate addresses for the defendants. Doc. 63 at 3–4. But the court rejected the argument and denied Mr. Daker's motion, explaining that Mr. Daker had "demonstrated that he [was] capable of perfecting service" in the past and found that he had "the financial means to hire an attorney" to assist him in serving defendants, as he had in past cases. *Id.* Further, because he failed to show "good cause why he has failed to serve the defendants," and more than 90 days had passed since the court ordered that service be completed, the district court dismissed all the remaining claims—that had previously survived § 1915A screening—without prejudice. *Id.* at 5.

Mr. Daker now appeals the district court's order dismissing with prejudice some of his claims under § 1915A and dismissing without prejudice the remaining claims for failure to serve the defendants.

## II.    STANDARD OF REVIEW

This Court reviews *de novo* a district court's *sua sponte* dismissal for failure to state a claim under 28 U.S.C. 1915A(b)(1). *See Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017). A district court's dismissal of a complaint as frivolous under 1915A(b)(1) is reviewed for abuse of discretion. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

We review for abuse of discretion both a district court's *sua sponte* dismissal for failure to timely serve a defendant under Federal Rule of Civil Procedure 4(m) and a district court's decision to grant or deny an extension of time to serve a defendant. *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009). "The abuse of discretion review requires us to affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." *Id.* (internal quotation marks omitted).

## III.    DISCUSSION

We first address whether the district court erred in dismissing some of Mr. Daker's claims under the PLRA's screening provision, 28 U.S.C. § 1915A(b)(1). Next, we address whether the district court abused its discretion when it denied Mr. Daker's motions for service by the USMS and dismissed his complaint for failure to serve the defendants.

A.    *The District Court Did Not Err Because It Allowed Mr. Daker's Forced-Shaving Claims to Proceed.*

Mr. Daker contends that the district court erred by dismissing his claims related to forced-shaving incidents that occurred on six dates: June 13, 2018; September 18, 2018; February 18, 2019; July 12, 2019; September 25, 2019; and April 3, 2020. Mr. Daker says the district court dismissed these claims as duplicative, frivolous, or malicious under the PLRA's screening provision, 28 U.S.C. 1915A(b)(1).[2] But the operative complaint did not allege any claims related to forced-shaving incidents on either September 25, 2019 or April 3, 2020, so the magistrate judge's recommendation and the district court's order did not address, let alone dismiss, such claims. Notably, Mr. Daker does not dispute that his claims related to forced-shaving incidents that were litigated in his earlier cases were

---

[2] The PLRA requires a district court to review *sua sponte* a complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The statute directs a district court to "dismiss the complaint, or any portion of the complaint" that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1). Mr. Daker's arguments are primarily based upon the language in 28 U.S.C. § 1915(e)(2)(B)(i), which applies to prisoner-plaintiffs who are proceeding *in forma pauperis* and instructs courts to dismiss if the action is "frivolous [or] malicious." Section 1915A(b)(1)'s screening provision, which applies to all prisoner-plaintiffs, uses the language "duplicative, frivolous or malicious." The magistrate judge's recommendation, which the district court adopted, properly screened Mr. Daker's complaint under § 1915A.

properly dismissed as duplicative.[3] Thus, there are only four forced-shaving incidents at issue in this appeal.

Although Mr. Daker did not timely object to the magistrate judge's recommendation that the district court's order adopted, we nonetheless may, in the interests of justice, review for plain error Mr. Daker's challenge to the dismissal of his claims arising out of the four forced-shaving incidents. *See* 11th Cir. R. 3-1. Here, though, there was no error at all. The complex procedural history in this case appears to have obscured which of Mr. Daker's claims were dismissed by the district court under § 1915A, and which were allowed to proceed. The court *did* dismiss some of Mr. Daker's claims under § 1915A—but it *did not* dismiss the claims related to the four forced-shaving incidents that Mr. Daker raises on appeal. Instead, the district court did exactly what Mr. Daker asks for on appeal: it determined that these claims were not duplicative and should be allowed to proceed for further factual development. Thus, there was no error here.

B.    *The District Court Abused Its Discretion in Dismissing Mr. Daker's Other Claims Based on Lack of Service.*

Mr. Daker next argues the district court abused its discretion by dismissing his complaint for failure to serve the defendants after he filed multiple motions for service by the USMS.

---

[3] Because Mr. Daker does not challenge the dismissal of these earlier-litigated claims as duplicative, we affirm the district court's dismissal of them.

When a defendant is not served within 90 days of the filing of a complaint, the district court, either on motion or on its own after notice to the plaintiff, "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed R. Civ. P. 4(m). But if a plaintiff shows "good cause" for failure to timely serve, the court "must extend the time for service for an appropriate period." *Id.* "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (alteration adopted) (internal quotation marks omitted). But even when a plaintiff cannot demonstrate good cause, the district court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 919 (11th Cir. 2020) (internal quotation marks omitted). In *Bilal*, we identified instances in which the statute of limitations governing the claims brought by a plaintiff would preclude refiling as a possible "other circumstance[]" that might warrant an extension of time. *Id.* We further held that if a district court dismissed a case under Rule 4(m) without considering such other circumstances, the dismissal would be "premature." *Id.* (internal quotation marks omitted)

Whether a district court has discretion to order service by the USMS under Rule 4(c)(3) hinges upon whether the plaintiff is proceeding *in forma pauperis* ("IFP"). When a plaintiff who is not proceeding IFP requests that a district court order that service be

made by the USMS, the district court *may* grant such a request; when a plaintiff is proceeding IFP, the district court *must* order that service be made by the USMS. Fed. R. Civ. P. 4(c)(3). Mr. Daker paid the filing fee in district court and on appeal; he did not seek permission to proceed IFP. Thus, the decision whether to grant Mr. Daker's motions for service was within the district court's discretion.

Mr. Daker contends that the district court abused its discretion in dismissing his case for failure to serve the defendants. To be sure, the district court has discretion to grant or deny such a motion. But we have held that, even if the district court finds a plaintiff has failed to show "good cause" under Rule 4(c)(3), prior to dismissing the complaint the district court must consider whether other circumstances warrant an extension of time to effectuate service. *Bilal*, 981 F.3d at 919. Here, the district court's dismissal for failure to serve was "premature, as it did not clearly consider, after finding that plaintiff[] failed to demonstrate good cause, whether a permissive extension of time was warranted under the facts of this case." *Lepone-Dempsey*, 476 F.3d at 1282. "Although the running of the statute of limitations, which barred the plaintiffs from refiling their claims, does not require that the district court extend time for service of process under Rule 4(m), it was incumbent upon the district court to at least consider this factor." *Id.*

In this case, Mr. Daker's repeated motions seeking an order for service by the USMS explained the challenges thwarting his efforts to locate the defendants' addresses and timely effect service.

And by dismissing the complaint, the district court's order effectively barred Mr. Daker from re-filing due to the statute of limitations. Under our decision in *Bilal*, the district court was required to engage in a two-step analysis. It first needed to consider whether the obstacles Mr. Daker faced constituted "good cause" for an extension under Rule 4(m). In the event the district court found that Mr. Daker had failed to demonstrate good cause, the district court was required under *Bilal* then to expressly consider whether the statute of limitations, or any other circumstances, nevertheless warranted at least an extension of time. By failing to complete step two, the district court abused its discretion.

Accordingly, we vacate in part the district court's order dismissing Mr. Daker's complaint for failure to perfect service, and remand for further consideration.

## IV.    CONCLUSION

For the reasons discussed above, we affirm in part, vacate in part, and remand for further consideration consistent with this opinion.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**