[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12959

Non-Argument Calendar

_____

RICKY GIDDENS,

Plaintiff-Appellant,

*versus*

BROOKS COUNTY GEORGIA, et al.,

Defendants,

THOMAS FRYE,
in his offical capacity as Deputy
at the Brooks County Sheriff's Office,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:19-cv-00140-LAG

_____

Before LAGOA, BRASHER, and EDMONDSON, Circuit Judges.

PER CURIAM:

Ricky Giddens, proceeding *pro se*,[1] appeals the district court's 4 August 2022 order dismissing Giddens's *pro se* civil action under 42 U.S.C. § 1983. In that order, the district court determined that no permissive extension was warranted to allow Giddens additional time to complete service of process. No reversible error has been shown; we affirm.

---

[1] We read liberally briefs filed by *pro se* litigants. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

This appeal is the second time this case has come before us; we summarize only those facts pertinent to this appeal.[2] Briefly stated, Giddens filed this civil action asserting claims for violations of the Fourth Amendment and Georgia law arising from an 18 March 2019 traffic stop. On 20 April 2021, the district court dismissed without prejudice -- for failure to effect timely service of process -- Giddens's claims against Officer Frye.

Giddens appealed that decision. In that earlier appeal, we determined that the district court acted within its discretion in finding that Giddens had demonstrated no "good cause" under Fed. R. Civ. P. 4(m) for failing to serve Officer Frye. *See Giddens v. Brooks Cty.*, No. 21-11755, 2022 U.S. App. LEXIS 7299, at *16-17 (11th Cir. March 21, 2022) (unpublished). We concluded, however, that the district court erred in failing to show that it considered whether other circumstances existed -- including the running of the applicable statutes of limitation -- that might warrant a permissive extension of time to complete service of process. Accordingly, we

---

[2] The underlying facts are set out more fully in our earlier opinion in *Giddens v. Brooks Cty.*, No. 21-11755, 2022 U.S. App. LEXIS 7299 (11th Cir. March 21, 2022) (unpublished).

vacated the district court's 20 April 2021 order of dismissal and remanded to the district court to consider expressly whether a permissive extension would be warranted under the circumstances involved in this case. *See id*. at *17-18.

On remand, the district court issued the 4 August 2022 order of dismissal that is now before us in this appeal. In the 4 August order, the district court acknowledged that the applicable statute of limitations expired in March 2021 and that -- absent a permissive extension -- Giddens would be barred from refiling his claims. The district court concluded, however, that no permissive extension was warranted under the circumstances.

The district court explained that its 29 October 2020 order (issued five months before the statute of limitations expired) advised Giddens that the United States Marshals Service was unable to serve Officer Frye at the address provided by Giddens. The district court gave Giddens a 45-day extension of time to provide a valid address where Officer Frye could be served and warned expressly that failure to provide a valid address could result in dismissal of the case. Nineteen days later, Giddens returned the USM 285 form listing the same address for Officer Frye that Giddens had

22-12959              Opinion of the Court              5

been told was no longer current.  The district court observed that Giddens's response indicated that he had made no "discernable effort to discover a proper address."  Because Gidden had failed to provide a valid address for Officer Frye despite the district court's clear instructions and extension of time to do so, the district court determined that no permissive extension was warranted.

We review for abuse of discretion a district court's *sua sponte* dismissal under Fed. R. Civ. P. 4(m) for failure to effect service.  *See Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1280 (11th Cir. 2007).  We also review under an abuse-of-discretion standard the district court's decision about whether to grant an extension of time under Rule 4(m).  *See id*.  Although we construe liberally *pro se* pleadings, *pro se* litigants must still conform to procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

When -- as in this case[3] -- "a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district

---

[3] In an earlier appeal, we affirmed the district court's determination that no good cause existed under Rule 4(m) to excuse Giddens's failure to effect service of process.  We are bound by our earlier ruling on that issue; we will not consider the arguments Giddens now seeks to raise about good cause. *See Lebron v. Sec'y of Fla. Dep't of Children & Families*, 772 F.3d 1352, 1360 (11th Cir. 2014) ("Under the 'law of the case' doctrine, the 'findings of fact and

court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *See Lepone-Dempsey*, 476 F.3d at 1282. A district court must consider, for example, whether the running of the statute of limitations would bar the plaintiff from refiling his claims. *See id*. As long as the district court takes into consideration the applicable statute of limitations, that the statute of limitations has expired "does not require that the district court extend time for service of process under Rule 4(m)." *Id*.

Given the circumstances in this case, the district court acted within its discretion in finding that a permissive extension of time was not warranted. The district court considered the pertinent factors -- including that the statute of limitations would now bar Giddens from refiling his claims -- in deciding whether a permissive extension of time was warranted. The record shows that Giddens failed to comply with the district court's clear instructions that, to avoid dismissal, Giddens needed to supply a valid address for Officer Frye. Instead, Giddens completed a second USM 285 form

conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal.'").

using an address he knew was invalid.  Nor did Giddens demonstrate that he exercised diligence in searching for a valid address. Giddens did not make use of the full 45-day extension of time granted by the district court or otherwise explain the steps he took to locate a proper address.  On this record, we see no abuse of discretion.

AFFIRMED.