[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-12824

Non-Argument Calendar

————————————————

TIFFANY ROBIN ROBERTS,

Plaintiff-Appellant,

*versus*

SCOTT ANDERSON,
CHARLES ELLIOTT,
CHRIS PRIEST,
BILLY C. BURNEY,
DAVID TODD ROBERTS,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 5:22-cv-00748-LCB

_____

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Tiffany Robin Roberts, proceeding pro se, appeals the district court's dismissal of her 42 U.S.C. § 1983 complaint. The district court granted one defendant's motion to dismiss for failure to state a claim and sua sponte dismissed the remaining claims against the other defendants for failure to perfect service under Federal Rule of Civil Procedure 4(m). After careful review of the parties' arguments, we affirm.[1]

**I**

We construe a pro se litigant's pleadings liberally; however, a pro se litigant is required to conform to procedural rules. *Albra v. Advan, Inc.,* 490 F.3d 826, 829 (11th Cir. 2007). Rule 4(c)(1) provides that "[a] summons must be served with a copy of the complaint,"

---

[1] We review for abuse of discretion a district court's sua sponte dismissal without prejudice of a plaintiff's complaint for failure to timely serve a defendant under Rule 4(m). *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009). We review a district court's ruling on a Rule 12(b)(6) motion de novo, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

and "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Rule 4(m), in turn, provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quotation marks omitted). Absent a showing of good cause, "the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Id.* at 1282. Circumstances warranting an extension of time include when the statute of limitations would prevent refiling or when the defendant evades service. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 919 (11th Cir. 2020). "Only after considering whether any such factors exist[,] may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." *Lepone-Dempsey*, 476 F.3d at 1282. The running of the statute of limitations must be considered but does not require that a district court extend the time for service of process under Rule 4(m). *Id.*

"Where a dismissal without prejudice has the effect of precluding a plaintiff from refiling [her] claim due to the running of the statute of limitations, the dismissal is tantamount to a dismissal with prejudice." *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1280 (11th Cir. 2018) (quotation marks omitted). A dismissal with prejudice is an extreme sanction that may be properly imposed only when: "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions will not suffice." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005) (quotation marks omitted). Moreover, dismissal with prejudice is considered more appropriate in a case where a party, as distinct from counsel, is culpable. *Id.* at 1338.

The statute of limitations for § 1983 claims is measured by limitations periods for personal-injury torts in the state where the action is brought. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Alabama, the governing statute of limitations is two years. *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

Here, the district court did not abuse its discretion in dismissing the claims against the defendants pursuant to Rule 4(m) because Roberts failed, despite the court's multiple warnings and extensions to perfect service by serving the defendants with summonses even more than a year after the filing of the initial complaint. *See* Fed. R. Civ. P. 4(c)(1), (m). Additionally, in reaching its decision, the district court properly considered circumstances which could have warranted a further extension of time, such as

the fact that the statute of limitations had run on Roberts's claims. *Lepone-Dempsey*, 476 F.3d at 1282.  While Roberts may have believed that issuing a subpoena to each defendant satisfied her obligations, a pro se litigant is required to conform to procedural rules such as Rule 4, and Roberts failed to do so by failing to serve the defendants with summonses or providing proof of service despite the district court's repeated warnings and extensions.  *Albra,* 490 F.3d at 829; Fed. R. Civ. P. 4(c)(1), (l)(1).

## II

Turning to the district court's dismissal of Roberts's claims against defendant Billy Burney under Rule 12(b)(6), we may "affirm the judgment of the district court on any ground supported by the record, regardless of whether that ground was relied upon or even considered by the district court."  *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).

Further, we will not reverse where an alleged error is harmless.  *See Equal Emp't Opportunity Comm'n v. STME, LLC*, 938 F.3d 1305, 1322–23 (11th Cir. 2019).  Pursuant to Fed. R. Civ. P. 61, a harmless error is one that does not affect a party's substantial rights, and thus, is not a basis for vacating or modifying that judgment.  Fed. R. Civ. P. 61.  Accordingly, the appellant bears the burden to show an error was not harmless.  *In re Club Assocs.*, 951, F.2d 1223, 1234 n. 13 (11th Cir. 1992).

Even assuming *arguendo* that the district court erred in dismissing Roberts's claims against Burney under Rule 12(b)(6), as Roberts contends, its error was harmless as the dismissal of the

claims against Burney would have been appropriate under Rule 4(m).  And, as such, a dismissal under Rule 4(m) would have been tantamount to a dismissal with prejudice as the statute of limitations on Roberts's claims had run.  *See Mickles*, 887 F.3d at 1280; *STME, LLC*, 938 F.3d at 1322–23; *Kernel Records Oy*, 694 F.3d at 1309.

**AFFIRMED.**