[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 24-10848

Non-Argument Calendar

————————————————

PHILLIP A. JONES, SR.,

Plaintiff-Appellant,

*versus*

SAFEBUILT LLC,
CITY OF STOCKBRIDGE GEORGIA,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-04213-ELR

_____

Before ROSENBAUM, ABUDU, and KIDD, Circuit Judges.

PER CURIAM:

Phillip Jones, Sr., proceeding *pro se*, appeals the district court's order dismissing his amended Title VII complaint without prejudice as to SafeBuilt LLC ("Safebuilt"), and with prejudice as to the City of Stockbridge, Georgia (the "City"). After careful review, we affirm.

## I. BACKGROUND

In October 2022, Jones filed a motion to proceed *in forma pauperis* in relation to a complaint that he wished to file against Safebuilt and the City (collectively, the "Defendants"). His motion was denied. In December 2022, Jones paid the filing fee, and his initial complaint was officially placed on the docket. Three months later, a magistrate judge ordered Jones to show cause as to why his complaint should not be dismissed for failure to timely serve the Defendants. Jones responded that he mailed his complaint to the Defendants in October 2020, but the magistrate judge found this attempt at service to be insufficient, explained the requirements imposed by Federal Rule of Civil Procedure 4, and granted Jones an additional 60 days to perfect service.

Thereafter, in April 2023, Jones filed an amended complaint against both Defendants, alleging racial discrimination and retaliation in violation of Title VII. In his complaint, Jones, an African American man, stated that he was employed and paid by Lowe

Engineers LLC ("Lowe"), a subcontractor of Safebuilt. Jones was hired by Lowe as a "Municipal Project Engineer" for a job with the City's Community Development Department, and he reported both to Safebuilt's project manager and the City's Director of Community Development. He alleged that, during a verbal altercation, a Safebuilt employee used a racial slur toward him. After this incident, Lowe and Safebuilt allegedly retaliated by removing Jones from the project, and Lowe terminated him without cause. Jones also contended that the City failed to ensure that Safebuilt upheld Title VII, thereby sanctioning the use of the offensive language. Jones further alleged that he had obtained a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").

Jones provided confirmation that he had sent the amended complaint by certified mail to the Defendants' attorneys of record. The magistrate judge again determined that Jones's attempts at service were deficient. She reiterated Rule 4's requirements but allowed Jones one additional opportunity to complete service because of his *pro se* status and "the potentially adverse statute of limitations bar against his claims that may result in dismissal." Accordingly, the magistrate judge allowed Jones an additional 30 days to serve the Defendants and warned him that failure to comply could result in sanctions, including the dismissal of his case.

Thereafter, Jones provided confirmation that he had successfully served a representative for the City. However, he requested an additional 30-day extension to serve Safebuilt,

appearing to suggest that it was evading service. The magistrate judge granted Jones's requested extension.

In August 2023, the City moved to dismiss the amended complaint and argued, among other things, that Jones failed to plausibly allege facts establishing that the City was his employer or that the City or its employees engaged in any discriminatory or retaliatory conduct. Jones did not contest these arguments in his response.

While the City's motion was pending, Jones filed a notice stating that he had served Safebuilt through an individual named Wade Groome. However, Safebuilt soon moved to dismiss Jones's amended complaint and argued, as relevant, that the court lacked personal jurisdiction due to deficient service of process. It argued that although Jones purportedly served Groome, the only summons Jones had filed directed service to Safebuilt's attorney, not to Safebuilt. Safebuilt further argued that Jones should not be permitted any additional time for service, as he had already been provided significant extensions and failed to comply with the magistrate judge's previous orders. In response, Jones denied Safebuilt's contentions and maintained that he had properly served the company.

The magistrate judge issued a report and recommendation ("R&R") that recommended granting the Defendants' motions, dismissing the City with prejudice, and dismissing Safebuilt without prejudice. As relevant here, the magistrate judge first determined that Jones timely filed a discrimination charge with the EEOC. However, she determined that Jones failed to plausibly

allege any facts indicating that the City was his employer, as his complaint stated that he was paid, employed, and terminated by Lowe and did not contend that the City had any control over the relevant decisions. The magistrate judge also determined that Jones provided no facts "indicating any racially discriminatory conduct" by the City, and she therefore declined to allow Jones another opportunity to amend, as his claims against the City were not cognizable under Title VII.

Next, the magistrate judge concluded that Jones failed to properly serve Safebuilt and that the company had timely asserted this defense. She noted that a July 2023 summons was issued "to 'Chief Executive Safebuilt LLC.'" However, the magistrate judge explained that the sheriff's entry of service to Wade Groome did not indicate what documents were served, and Jones failed to show that Groome was authorized to receive service of process for Safebuilt. The magistrate judge further explained that she would not recommend granting any additional time for service, as Jones had already been allowed multiple extensions, and the allegations in his complaint were also insufficient to show that Safebuilt was his employer.

Jones objected to the R&R and requested discovery. He emphasized that he acted in good faith, his attempts at service were sufficient under Rule 4, and the record showed that Safebuilt had been evading service. He also argued that the magistrate judge discriminated against him because he was *pro se* and did not allow him to obtain a video allegedly showing the incident at issue in his

complaint. Jones further asserted that discriminatory retaliation was evident from the record, and the dismissal of his claims would indicate that the use of racial slurs was permissible. Additionally, he argued that he was a "quasi-employee" of the City, which was contractually obligated to prevent discrimination by Lowe and Safebuilt.

The district judge adopted the R&R, overruled Jones's objections, and denied the various motions he had filed while the R&R was pending review. The court concluded that Jones failed to properly serve Safebuilt, despite being instructed on how to do so, and that his arguments regarding his good-faith efforts and Safebuilt's evasion of service were unsupported. The court also noted that Jones failed to plausibly allege that he was an employee of either Defendant.

Although they were not essential to its ruling, the court addressed Jones's other arguments given his *pro se* status. The court rejected Jones's assertion that the magistrate judge was biased against him and emphasized the multiple chances that he was afforded to properly serve the Defendants. The district judge also noted that the video Jones requested was ultimately irrelevant evidence "if the actor on the videotape [wa]s not even the correct legal party to sue . . . ." Finally, the court explained that Jones's assertion that the court's dismissal of his case endorsed the use of discriminatory language demonstrated his "lack of understanding of the law" and "the job of the" court. Accordingly, the court granted the

Defendants' motions, dismissed Safebuilt without prejudice, and dismissed the City with prejudice. This appeal followed.

## II. STANDARD OF REVIEW

We review for abuse of discretion the dismissal of a complaint for failure to timely serve a defendant under Federal Rule of Civil Procedure 4(m). *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1280 (11th Cir. 2007). We review the grant of a motion to dismiss for failure to state a claim *de novo*, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Adinolfe v. United Techs. Corp.*, 768 F.3d 1161, 1169 (11th Cir. 2014).

## III. DISCUSSION

*A. The district court did not abuse its discretion by dismissing Jones's claims against Safebuilt due to his failure to serve the company*

"A summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." *Id.* Unless federal law provides otherwise, or the defendant has filed a waiver, a domestic corporation or partnership must be served "by delivering a copy of the summons and the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." *Id.* R. 4(h)(1). And, "[u]nless service is waived, proof of service must be made to the court." *Id.* R. 4(l)(1).

"If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* R. 4(m). "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Where a district court finds that a plaintiff fails to show good cause for failing to perfect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case. *See Lepone-Dempsey*, 476 F.3d at 1282.

Jones argues that, in dismissing his claims, the district court committed administrative and discriminatory errors[1] and allowed the Defendants to evade service. He also maintains that he "made every reasonable attempt to serve both Defendants," and he did so in compliance with Rule 4. We disagree.

In this case, the magistrate judge recognized Jones's *pro se* status and "the potentially adverse statute of limitations bar" applicable to his claims, so she generously granted multiple extensions of the deadline for service. *Id.* The magistrate judge also explained in detail, on at least two separate occasions, how Jones should

---

[1] Jones repeatedly references a "companion case" that is currently pending on appeal before our Court. Jones concedes that this other case "ha[s] nothing to do with th[e] [instant] case[,]" but asserts that the district court's resolution of the "companion case" evidences "systematic discrimination." Because the issues present in that case are irrelevant to resolving the instant appeal, we need not further discuss it.

properly serve a corporate entity like Safebuilt. Despite this, Jones failed to comply with the clear instructions and failed to properly serve Safebuilt within 90 days of filing his amended complaint or within the multiple extended time periods permitted by the court. Although there is evidence that Jones at least attempted to serve Wade Groome, Jones did not establish that Groome was a proper officer or agent to accept service on behalf of Safebuilt. *See* Fed. R. Civ. P. 4(h)(1)(B).

Jones appears to argue that the magistrate judge erred by refusing to issue a summons on his behalf. Although a court must serve process on a litigant's behalf in certain circumstances, the district court was not required to do so in this case because Jones's application to proceed *in forma pauperis* was denied. *See* 28 U.S.C. § 1915(d) (explaining that, when a litigant is permitted to proceed *in forma pauperis* "[t]he officers of the court shall issue and serve all process . . .."). And, because Jones had already been given multiple chances to perfect service, and he did not show good cause for an additional extension, the district court did not err by not permitting him another opportunity to serve Safebuilt. *See* Fed. R. Civ. P. 4(m).

Accordingly, we conclude that the district court did not abuse its discretion by dismissing Jones's claims against Safebuilt without prejudice for failure to perfect service.

*B. The district court did not err in concluding that Jones did not have an employer-employee relationship with the City*

"A Title VII workplace discrimination claim can only be brought by an employee against his employer." *Peppers v. Cobb Cnty., Ga.*, 835 F.3d 1289, 1297 (11th Cir. 2016). To decide whether an entity is a qualified employer, we must determine which entity controls the fundamental aspects of the employment relationship that gives rise to the claim. *Id.* We consider "(1) how much control the alleged employer exerted on the employee, and (2) whether the alleged employer had the power to hire, fire, or modify the terms and conditions of the employee's employment." *Id.*

On appeal, Jones maintains that an employee-employer relationship existed between himself, the City, and Safebuilt, and that, by dismissing his claims, the court endorsed the use of derogatory language. However, accepting the allegations in Jones's complaint as true and construing them in the light most favorable to him, the district court did not err in concluding that Jones failed to establish that the City was his employer. *Adinolfe*, 768 F.3d at 1169.

To state a plausible claim, Jones was required to plead factual content that would allow the court to draw the reasonable inference that the Defendants were liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And, despite being *pro se*, Jones was still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Thus, "the allegations in [his] complaint must [have] be[en] enough to raise a right to relief above

the speculative level." *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1094 (11th Cir. 2017) (quotation marks omitted).

Jones's amended complaint primarily identified Lowe as his employer and the entity responsible for hiring him, paying him, and firing him. Jones only vaguely alleged that the City failed to ensure that Safebuilt upheld Title VII and that it allowed the use of racial slurs at its project site. *Id.*; *see also Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."). Jones did not allege any facts in his complaint or subsequent filings with the district court to indicate that the City had any control over the decisions made with respect to his employment. *Peppers*, 835 F.3d at 1297. Indeed, his direct statements in the amended complaint support the conclusion that Lowe had the sole authority to hire, fire, and modify the terms and conditions of his employment. *Id.*

Jones appears to assert on appeal that he was a quasi-employee of the City, and that, in issuing a right-to-sue letter, the EEOC determined that he had an employer-employee relationship with the City, which is a binding determination on the courts. However, he fails to develop these arguments or provide any meaningful support for these propositions. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("[A]n appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

Furthermore, Jones's amended complaint did not allege any facts showing that the City engaged in racially discriminatory or retaliatory behavior. *See Ashcroft*, 556 U.S. at 678. And, because Jones fell so far short of stating a claim even after amending his complaint, the district court reasonably determined that allowing an additional amendment would have been futile. *See Chang*, 845 F.3d at 1094 (explaining that amendment is not required "when the complaint as amended is still subject to dismissal because . . . it fails to state a claim for relief" (quotation marks omitted)).

Accordingly, because Jones failed to plausibly allege that he was an employee of the City, we cannot say that the district court erred in dismissing Jones's claims against the City with prejudice.

## IV. CONCLUSION

For the reasons stated above, we **AFFIRM** the district court's dismissal of Safebuilt without prejudice and dismissal of the City with prejudice.